In the Matter of the Arbitration between FINSILVER, STILL & MOSS, INC., Respondent, and GOLDBERG, MAAS & CO., INC., Appellant.

First Department, November 1, 1929.

*Charles S. Rosenberg*, for the appellant.

*Joseph Dannenberg*, for the respondent.

PROSKAUER, J. This appeal is from an order confirming the award of arbitrators and from the judgment entered thereon. The arbitration was conducted pursuant to section 4-a of the Arbitration Law (as added by Laws of 1927, chap. 352, in effect March 29, 1927). The validity of this statute is challenged upon the ground that it violates the due process clause of the State and Federal Constitutions (N. Y. Const. art. 1, § 6; U. S. Const. 14th Amendt. § 1).

Prior to the enactment of this statute a party who denied the creation or validity of a contract which provided for arbitration, could, of right, secure a judicial determination with respect to this condition precedent to arbitration and could also, if so advised, insist upon a jury trial of the issue. (Arbitration Law, § 3.) The 1927 statute made a radical and basic change in this procedure. It provides: " Where pursuant to a provision in a written contract to settle by arbitration a controversy thereafter arising between the parties to the contract, or a submission described in section two hereof, an award has been, or is hereafter rendered, without previous application to the Supreme Court, or a judge thereof, as required by section three hereof, such award shall notwithstanding anything contained in section three hereof be valid and enforceable according to its terms, subject, nevertheless to the provisions of this section. At any time before a final judgment shall have been given in proceedings to enforce any such award whether in the courts of the State of New York, or elsewhere, any party to the arbitration who has not participated therein may apply to the Supreme Court, or a judge thereof, to have all or any of the issues hereinafter mentioned determined, and if, upon any such application the court, or a judge thereof, or a jury, if one be demanded, shall determine that no written contract providing for arbitration was made, or submission entered into, as the case may be, or, that such party was not in default by failing to comply

with the terms thereof, or that the arbitrator, arbitrators and, or umpire was, or were not appointed or did not act, pursuant to the written contract, then and in any such case, the award shall thereupon become invalid and unenforceable. Where any such application is made any party may demand a jury trial of all or any of such issues, and if such a demand be made, the court or a judge thereof shall make an order referring the issue or issues to a jury in the manner provided by law for referring to a jury issues in an equity action.''

Under this statute a party who disputes the existence of a contract providing for arbitration must make an election at his peril. He may appear before the arbitrators and be heard, but if he does, he is finally estopped from questioning the jurisdiction of the arbitrators and from asserting that he never agreed to be bound by their determination. He may question their jurisdiction to make the award, but only if he foregoes the opportunity to present his side of the controversy to the arbitrators. The hardship thus imposed is well illustrated in the facts of this case.

Goldberg, Maas & Co., Inc. (hereafter designated as the buyer) desired to purchase from Finsilver, Still & Moss, Inc. (hereafter designated as the seller), twenty-five pieces of cloth designated by the number 195. The buyer claims that in preliminary negotiation he stated that he wished these goods to be fifty-four inches in width, and that the seller's representative stated that he would do his best to give cloth at least fifty inches in width. After this preliminary negotiation the buyer signed a written order upon a form provided by the seller for twenty-five pieces of style 195. Upon it was printed the legend: '' This order is not binding unless accepted by Finsilver, Still & Moss, Inc.'' On October third the seller sent to the buyer what purported to be an acceptance of the order. There are discrepancies between the written order and the written acceptance. The order describes the merchandise merely as style 195 and designates no stated width of the cloth. The acceptance describes the merchandise as Karavan Kamel Kloth and states that the width is forty-eight inches. The order recites that arbitration shall be conducted '' pursuant to the Arbitration Law of the State of New York in the Tribunal of Justice known as the Court of Arbitration established and conducted by the American Arbitration Association, and in accordance with its rules.'' The acceptance refers to a similar tribunal established and conducted by the Arbitration Society of America, Inc.

The appellant contends that this acceptance contained terms which were essentially different from those in the order, and that, therefore, no written contract was created by the exchange of papers.

We do not determine whether a contract was made. A trial upon that issue might well involve the admission of oral evidence to explain these apparent differences. That there is an issue as to the existence of the contract is the significant fact upon this appeal. The Constitution guarantees to the buyer the right to appear and to be heard in a judicial tribunal upon this issue. We do not think that it can be fairly said that this guaranty is safeguarded by a statute which attaches to the right to appear and be heard in a judicial tribunal the condition that the buyer must waive all right to be heard before the extra-judicial tribunal. We are referred by counsel to no authority helpful in the determination of this question. The nearest analogy in judicial decisions is found in the cases which deal with and generally sustain the validity of statutes which provide that a special appearance in an action shall be deemed the equivalent of a general appearance. (*York* v. *Texas*, 137 U. S. 15; *Western Indemnity Co.* v. *Rupp*, 235 id. 261, 272, 273; *Chicago Life Ins. Co.* v. *Cherry*, 244 id. 25, 30; *Jones* v. *Jones*, 108 N. Y. 415, 426.) These cases, however, do not go to the length of sustaining a statute such as the one here considered. When a litigant files a special appearance and attacks service or jurisdiction, he receives from a court a judicial determination upon the issue of service or jurisdiction. If he is unsuccessful, he is still free to assert his defense upon the merits. As the price of litigating the question of service and securing a judicial determination thereon, he must only agree that if he is unsuccessful the court may proceed to determine the controversy upon its merits. Here, however, as a condition of litigating jurisdiction, he must waive the right to be heard upon the merits. In the alternative, if he is heard upon the merits before a tribunal which is extra-judicial and which can derive jurisdiction only from the fact that he has given his written consent to such jurisdiction, he may never challenge the existence of the very fact upon which the whole right of the arbitrators to function is based.

In final analysis, the order of a court enforcing by judgment the award of arbitrators is in the nature of the specific performance of a contract. The foundation of such a judgment is two-fold. It rests, *first*, upon the existence of the contract, and, *second*, upon the determination of the arbitrators after a hearing on the merits pursuant to the terms of that contract. When both these conditions exist, the court enforces the award. A party has a right both to a hearing before arbitrators and also to a judical determination that he consented to arbitration. The order in which these rights are given him may be immaterial, but a statute which deprives him of one of them is a denial of due process.

For these reasons the judgment and order appealed from should be reversed, with costs, and the award vacated, with costs.

DOWLING, P. J., MARTIN and O'MALLEY, JJ., concur; MERRELL, J., dissents and votes for affirmance.

MERRELL, J. (dissenting). The position of the appellant does not appeal to one's sense of honesty and fair dealing. Having fairly entered into a contract with the plaintiff, plain and unambiguous in its provisions, and having once submitted its claims to arbitration in accordance with the provisions of the contract, and an award adverse to the appellant's contentions having been made, but confirmation of which award was denied because of the failure of plaintiff to properly acknowledge on its part the submission of the controversy between the parties to arbitration, the appellant now seeks to avoid its just obligations and to temporarily delay its day of reckoning by claiming that the procedure had in strict conformity to its written agreement and resulting in the judgment appealed from, invaded a fancied constitutional right of the defendant. I think there is neither honesty nor merit in the appellant's claim.

The following pertinent facts are undisputed by the appellant: On October 2, 1928, the appellant ordered of the respondent a quantity of merchnadise at a stated price per yard. The order was in writing and included therein under a heading "Arbitration Clause" in large capital letters was the following provision:

"All claims, demands, disputes, differences, controversies and misunderstandings arising under, out of, or in connection with, or in relation to this contract, shall be submitted to and be determined by ARBITRATION, pursuant to the Arbitration Law of the State of New York, in The Tribunal of Justice known as the Court of Arbitration established and conducted by the American Arbitration Association and in accordance with its Rules."

It was stated in said order that "This order is not binding unless accepted by Finsilver, Still & Moss, Inc." (the respondent). On the day following the said order was accepted by the respondent, the written acceptance thereof containing the same arbitration clause as in the order contained. A portion of the merchandise ordered was delivered by the respondent and accepted and paid for by the appellant. The appellant thereafter refused to accept the balance of the goods for which it had contracted. A dispute having arisen, both the appellant and the respondent submitted the same to arbitration and voluntarily signed a submission agreement pursuant to the plain terms of the contract. Up to this point no claim was made by the appellant that it had not made

the contract in suit. Having so received, accepted and paid for a part of the merchandise covered by the contract, it was hardly in a position to deny the making of the contract. Upon the signing of the arbitration agreement by both respondent and appellant the arbitration proceeded and resulted in an award in favor of the respondent. Confirmation of such award was denied by the court upon the sole ground that the *respondent* had failed to properly acknowledge the submission agreement. Having received an adverse award in the arbitration proceeding the appellant sought to nullify such award upon the very technical ground that the respondent's acknowledgment of the submission agreement was faulty. In such effort the appellant was successful. Following the denial of its motion to confirm the award of the arbitrator, to whom both parties had fairly submitted their dispute, the respondent then demanded that the appellant arbitrate the controversy pursuant to the contract and in accordance with the rules of the American Arbitration Association. The appellant was presumably familiar with the rules of the American Arbitration Association by which it had agreed to be bound. Under such rules and following such demand of the respondent the American Arbitration Association notified the appellant thereof in writing, submitting to both the appellant and respondent a list of eight chosen from its panel of arbitrators, and calling upon the parties to select an arbitrator from the eight names suggested. The appellant saw fit to ignore such notice. Thereupon a selection of an arbitrator was made by said arbitration association in accordance with its rules and formal notice thereof given to the appellant and its attorney by registered mail. Thereafter a formal written notice was sent by the arbitration commission to both the respondent and appellant that a hearing in the arbitration proceeding would be held before the arbitrator at a time and place specified in said notice. The appellant failing to appear, a hearing was duly had resulting in an award in respondent's favor. The foregoing facts being undisputed, it comes with poor grace for the appellant to now urge that its constitutional rights have been invaded by the procedure taken. Notwithstanding it has once submitted its rights in the premises to an arbitrator, with an adverse result, it now attempts by indirection to deny the making of the contract and to insist that such issue be tried by jury. If the appellant did execute the contract, as it has once admitted, then any dispute arising thereon was properly determinable by arbitration pursuant to the rules of the American Arbitration Association, and the appellant, if it had any merits, should have presented the same to the arbitrator for determination.

Upon this appeal the appellant does not question the validity of the Arbitration Law of the State. It merely rests its case upon the claimed unconstitutionality of section 4-a of said law in that said section deprives the appellant of the constitutional right of trial by jury (State Const. art. 1, § 2) as to the making of the contract, and the appellant's default. Prior to the enactment of section 4-a, the statute, by section 3, provided that a party to an arbitration agreement, aggrieved by the failure or refusal of the other party to perform, might apply to the Supreme Court for an order requiring the arbitration to proceed in accordance with the contract, and thereupon the court, upon being satisfied that the making of the contract or failure to comply therewith was not at issue, might order the parties to proceed to arbitration. If there was an issue as to the making of the contract or default by a party, then the court was to summarily determine the same and either party might demand a jury trial of such issues. By the enactment of section 4-a it was provided that where pursuant to a provision in a written contract to settle by arbitration a controversy thereafter arising between the parties, an award has been made without previous application to the Supreme Court as required by section 3, such award shall be valid and enforcible notwithstanding anything contained in section 3, except that at any time before a final judgment shall have been given in proceedings to enforce any such award, any party to the arbitration who has not participated therein, may apply to the Supreme Court to have determined whether or not a written contract providing for arbitration was made or that such party was not in default by failing to comply with the terms thereof or that the arbitrator was not appointed or did not act pursuant to the written contract. Where such application is made, a jury trial may be demanded and the court shall make an order referring the issue or issues to a jury for determination. It wil. thus be noted that the only issues to be referred to a jury are, *first*, whether or not a contract containing a clause for arbitration was made; and, *second*, whether or not the party was in default. In other words, if neither of these matters is at issue it is unnecessary to proceed to a trial by jury. The contract between the parties was entered into after the enactment of section 4-a and when the same was in full force and the parties must be presumed to have known of its provisions and to have contracted with such knowledge. The parties provided by their contract that " All claims, demands, disputes, differences, controversies and misunderstandings arising under, out of, or in connection with, or in relation to this contract, shall be submitted to and be determined by ARBITRATION, pursuant to the Arbitration

Law of the State of New York, in The Tribunal of Justice known as the Court of Arbitration established and conducted by the American Arbitration Association, and in accordance with its rules."

The language used was all-embracing and covered any possible dispute. It does not seem to me that by the procedure followed appellant's rights have been invaded. The appellant was obviously in no position to deny making the contract or its default, having once submitted its differences with the respondent under the contract to arbitration. The appellant had due notice of every step taken in the arbitration proceeding under the rules of the association. It had full opportunity to appear at the hearing and to present its claims. Undoubtedly realizing that its claims were unmeritorious and that a like award to that upon the prior hearing would probably result, it ignored the proceeding and chose to escape liability by attacking the constitutionality of the procedure taken. Whatever may be said as to the unconstitutionality of section 4-a under some circumstances, I do not think the present appellant is in a position to raise such question.

The validity of the Arbitration Law was questioned in *Matter of Berkovitz* v. *Arbib & Houlberg* (230 N. Y. 261). Chief Judge CARDOZO, writing for the Court of Appeals in that case, said (at p. 273): " The statute is assailed as inconsistent with article I, section 2, of the Constitution of the State, which secures the right of trial by jury. The right is one that may be waived (*People* v. *Quigg*, 59 N. Y. 83; *People ex rel. McLaughlin* v. *Bd. Police Commissioners*, 174 N. Y. 450, 456; *Boyden* v. *Lamb*, 152 Mass. 416, 419; Constitution, art. I, sec. 2). It was waived by the consent to arbitrate."

So here the appellant, when it signed the contract in suit, waived the right of trial by jury of the issue as to the making of the contract and as to its default. Indeed, the appellant has raised no question of fact which would authorize the court to submit to a jury. The law afforded the appellant the right to attack the award at any time before final judgment and have it determined in court, and by jury if it desired, whether it in fact made the contract providing for arbitration, or whether it was in default by failing to comply with its terms, or that the arbitrator was not appointed or did not act pursuant to the written contract. Having failed to avail itself of such opportunity the appellant should not now be heard to complain. A party to a contract very well knows whether or not it has made a contract containing an arbitration clause and as to whether it has defaulted. If it has made no such contract or if it has not made default, then it may safely ignore an attempted arbitration of differences, and if an award is made against it it

may then attack the proceeding and have a court or jury determination of the issues as to the making of the contract, its default, and the regularity of the appointment of the arbitrator or that he did not act pursuant to the written contract. If it has made the contract and is in default, then manifestly it should submit to arbitration in accordance with its contract. In my opinion, the Arbitration Law, as now in force, secures to a contracting party every right to which it is entitled. Surely, under the circumstances of the case here presented, there is no merit in the appellant's contention.

The judgment and order appealed from should be affirmed, with costs to the respondent.

Judgment and order reversed, with costs, and award vacated, with costs.