ONE AND THREE SOUTH WILLIAM STREET BUILDING CORPORATION, Appellant, *v.* GARDENS CORPORATION and Others, Respondents.*

Second Department, March 6, 1931.

*John J. Curtin*, for the appellant.

*George H. Boyce* [*George B. Hanavan, George A. Arkwright* and *John R. Davies* with him on the brief], for the respondents Gardens Corporation and others.

*Howard Osterhout*, for the respondent Guyon L. C. Earle.

SCUDDER, J. Plaintiff brought this action for a declaratory judgment decreeing that an apartment house may be lawfully erected upon block 12 at Forest Hills. The development of the entire tract of about 140 acres was begun about twenty years ago and has followed rather unique lines. By many it is considered one of the finest home developments in this country and is highly restricted.

The learned Special Term held the opinion that the equities are all in favor of defendants. I disagree with that conclusion for the following reasons: By various declarations of restrictions a general scheme of development was established that confined erection of buildings to private dwelling houses for occupation by not more than two families. The third declaration filed by the developers of the tract contained the following clause:

"*Fourteenth.* Any of the restrictions, conditions, covenants, charges and agreements herein contained [except restrictions as to general nuisances] * * * may be annulled, waived, changed or modified by the Homes Company as to any property owned by it, and, with the consent of the then owner thereof, as to any property sold."

All sales of lots in the tract were made " subject to and with the benefit of all of the restrictions, conditions, covenants, charges and agreements contained in " said declaration of restrictions.

It is clear, therefore, that all subsequent lot purchasers were on notice that the right to modify the restrictions was reserved and might be exercised. Furthermore, the association of property owners known as Gardens Corporation agreed with the original owners that the restrictions should not be modified without the consent of the Sage Foundation, " the Foundation consenting, however, to such agreement that said restrictions * * * be modified so as to permit the erection of Apartment Houses " on block 12, provided plans are first approved by the foundation. The same agreement also reserved to the Sage Foundation Homes Company the right to modify the restrictions so as to permit the erection of apartment houses on block 12. There is no ambiguity in these written agreements.

Whatever we may think of the desirability of keeping out an apartment house from block 12, we " can only accomplish this

result when the agreement which the parties have made permits it."
(*Bennett* v. *Petrino,* 235 N. Y. 474.)

We base our decision upon the contractual rights of the parties growing out of the modification agreement.

The judgment should be reversed upon the law and the facts, with costs, and judgment directed for plaintiff, with costs.

LAZANSKY P. J., YOUNG, KAPPER and CARSWELL, JJ., concur.

Judgment reversed upon the law and the facts, with costs, and judgment directed for plaintiff, with costs. Findings of fact and conclusions of law inconsistent with this decision are reversed and new findings and conclusions will be made. Settle order on notice.