GRENGARD CORPORATION, Appellant, v. KEW GARDENS CORPORATION and Others, Defendants; N. GIST LAMDIN, MARIE LOUISE LAMDIN, His Wife, FRANCES EVES HESSER, ENRIQUE A. BERUMEN, MARIA R. DEBERUMEN, His Wife, PEARL S. SHERBURNE, PAUL HOFER, JR., ANNABELLA W. HOFER, His Wife, ANNA C. VON DAMM, ALBERT EHLERS, KATIE EHLERS, His Wife, Respondents.— Judgment reversed on the law and the facts and judgment directed in favor of the plaintiff for the relief demanded in the complaint, with costs to appellant in this court and in the Special Term. Findings of fact Nos. 21, 24, 25, 27, 28, 29, 30, 31, 34, 35, 36, 38, 39, 40, 41, 43, 44 and 45 in the decision of the trial justice, and as well conclusions of law therein Nos. 2, 3, 4, 5, 6, 8, 9, 11, 12, 13, 14, 15, 16, 17, 18, 19 and 20 reversed. In lieu thereof new findings are made as requested in plaintiff's requests for findings of fact Nos. twenty-second, twenty-third, twenty-fourth, twenty-fifth and twenty-ninth, and as requested in plaintiff's requests for conclusions of law Nos. first, second, third, fourth, fifth, sixth, seventh and eighth. Plaintiff, the owner of real property at Kew Gardens, Queens county, brought this action seeking a declaratory judgment determining a controversy as to the legal effect of certain written consents given by Kew Gardens Corporation to changes in the restrictive covenants imposed by that corporation upon plaintiff's property, and in effect prayed judgment that such restrictive covenants had been terminated or modified by such consents. Certain defendants, here respondents, respectively owners of neighboring property affected by like restrictions imposed by Kew Gardens Corporation, prayed, by way of counterclaim, for a declaratory judgment in effect that the original restrictive covenants binding plaintiff's property were still in full force and effect notwithstanding the written consents so given by Kew Gardens Corporation. These defendants prevailed at Special Term and a declaratory judgment was rendered in their favor dismissing plaintiff's complaint, and, upon their counterclaim, adjudging that such restrictive covenants binding upon plaintiff's property remained in full force and effect. From that judgment plaintiff appealed. In the conveyance by Kew Gardens Corporation to Wohlbro Construction, Inc., dated September 1, 1927, of the property now of plaintiff, the grantor imposed certain restrictions thereon, the right to terminate or modify which was therein expressly reserved by said grantor Kew Gardens Corporation. The agreement of November 27, 1933, between Kew Gardens Corporation and Parmalz Corporation, plaintiff's predecessor in title to plaintiff's property, and the instrument in writing executed by Kew Gardens Corporation, dated April 26, 1934, clarifying and enlarging the consent and release given in said agreement of November 27, 1933, are efficient to warrant the granting of the relief demanded in the complaint, for the defendants, here respondents, were on notice that the right to modify the restrictions was reserved by Kew Gardens Corporation and might be exercised by it in the very way in which it was exercised in relation to plaintiff's property. (*One & Three South William Street Building Corp.* v. *Gardens Corp.*, 232 App. Div. 58; affd., 261 N. Y. 575.) Young, Carswell, Davis and Taylor, JJ., concur; Adel, J., not voting.

RAYMOND GRIFFIN, Respondent, v. WILLIAM H. HEDGES, Appellant.— In an action brought to recover commissions for the sale of automobiles, under alleged contracts with the defendant, judgment of the County Court of Suffolk county in favor of plaintiff unanimously affirmed, with costs. No opinion. Present — Lazansky, P. J., Young, Hagarty, Johnston and Taylor, JJ.