George P. Stier, J.
This action was brought to restrain the defendants from erecting a garage on their property within one foot six inches from the north and east lot lines of their property.
Subsequent to the commencement of this action and prior to the trial, the erection of said garage was completed and plaintiffs now seek judgment directing the removal of such portions of the garage as lie within three feet, nine inches, of the side lot line and within six feet of the rear lot line.
On July 15, 1913, the Sage Foundation Homes Company filed a map and declaration of restrictions in the office of the Clerk, now Register, of the County of Queens. Paragraph “ Sixth ” of the declaration of restrictions provided for minimum setback distances for garages. Paragraph “ Fourteenth ” of said declaration of restrictions provided that any of the restrictions, conditions, covenants, etc., contained in the said declaration of restrictions could be “ annulled, waived, changed or modified by the Homes Company as to any property owned by it, and, with the consent of the then owner thereof, as to any property sold.” (Emphasis supplied.)
Paragraph ‘ ‘ Sixteenth ’ ’ of said declaration provided that ‘ ‘ Any or all of the rights and powers of the Homes Company herein contained may be assigned to any corporations or associations which may hereafter be organized and which will assume the duties of the Homes Company hereunder pertaining to the particular rights and powers assigned, and upon any such corporation or association evidencing its consent in writing to accept such assignment and assume such duties it shall, to the extent of such assignment, have the same rights and powers and be subject to the same obligations and duties as are given to and assumed by the Homes Company herein.”
Thereafter and on December 12, 1922, a certificate of incorporation of the Gardens Corporation was filed with the Secretary of State. One of the purposes of such incorporation was “ (b) To accept by assignment and assume * * * and exercise any or all of the rights, powers and duties of Sage Foundation Homes Company under that Declaration. ’ ’
By written instrument dated January 1, 1923, recorded in the office of the clerk, now register, of Queens County, the Sage Foundation Homes Company assigned, granted, transferred and conveyed all of its rights and powers contained in said declaration to the Gardens Corporation and, after reserving to the Homes Company, its successors or assigns, the right to modify said restrictions to permit the erection of apartment *196 houses in certain blocks, provided: “ and further reserving to the Homes Company the right to modify and the Homes Company does hereby modify the provisions of subdivisions ‘ Sixth ’ of said Declarations so as to permit the erection of garages to within six feet of the rear line of any lot and to within three feet nine inches of the side line of any lot.”
The plaintiffs became the owners of their property on or about July 1, 1941, and the defendants the owners of theirs on or about August 29, 1955. Both of said properties are within the areas subject to the restrictions set forth in the said declaration.
On September 12, 1955, the Gardens Corporation, with the consent of the defendants, the then owners of their property, executed a written agreement modifying the side and rear lot line restrictions permitting the erection of a garage one foot six inches from the north and east lot lines of defendants’ property.
When plaintiffs purchased their property they were on notice that the restrictions contained in said declaration were not absolute, but were subject to modification. (One & Three South William St. Bldg. Corp. v. Garden Corp., 232 App. Div. 58, affd. 261 N. Y. 575; Grengard Corp. v. Kew Gardens Corp., 247 App. Div. 744, appeal dismissed 272 N. Y. 514; Lugg v. Stirnweis, 43 N. Y. S. 2d 475.)
The Gardens Corporation, formed for the express purpose of receiving the assignment of the rights of the Sage Foundation Homes Company, pursuant to paragraph “Sixteenth” of the declaration of restrictions, became the assignee thereof by the recorded assignment dated January 1, 1923, and the plaintiffs were on notice of such fact. The reservation of modification of the restrictions pertaining to garages was not a general reservation, but limited solely to the modification set forth and as modified in such assignment. The modification made in such assignment did not extinguish the right to make further modifications. Such further right to modify was assigned to the Gardens Corporation.
The assignment of the right to modify the restrictions was in full compliance with the terms of the declaration of restrictions and was made to the corporation organized in compliance with the provisions of the declaration.
Judgment for defendants dismissing the complaint on the merits. Proceed on notice.