Anthony J. Di Gtovanna, J.
This matter was sent to Trial Term, Part XII by Trial Term, Part I. I am not in accord with the recently developed practice of compelling a hearing on the issue of timeliness in MVAIC cases to be held in the Trial Term parts of this court upon the payment of calendar fees by the attorney for the claimant.
It appears that the claimant was injured on August 29, 1959. He retained counsel on August 31, 1959. Claim letters were sent to both the operator and the owner of the vehicle involved in the accident on September 9,1959. A summons was thereafter served on the owner of the vehicle on October 10, 1959. The claimant testified that the driver had told him at the time of the *1039 accident that the automobile was insured. Claimant’s counsel was informed by his hired investigator that the driver had gone to Puerto Rico but was reasonably sure that insurance existed and that the owner was still residing in New York City. Counsel wrote to the Motor Vehicle Bureau on September 29, 1959 for information regarding insurance. Not having received a reply after an unusual delay, a second letter was sent on December 22, 1959. This letter was received by the Motor Vehicle Bureau on December 24 but was not answered until March 2, 1960. A claim letter was then sent to MVAIC on March 14, 1960. A request was received by counsel on March 17, 1960 for medical information. That information was incorporated in the notice of intention to make claim served upon the MVAIC on June 3, 1960 by mail, within the 90-day period set forth in the request for medical information. On November 20, 1961 a demand for arbitration was served by mail. The instant motion to stay arbitration was brought on by order to show cause on January 5, 1962.
Examination of the resettled order made January 21, 1963 provides: “ Ordered, that the issue with regard to the timeliness of the service of the notice of claim upon the Motor Vehicle Accident Indemnification Corporation be and the same is hereby set down for hearing and determination at a Trial Term, Part I of this court on the 13th day of March, 1963 at 9:30 a.m., subject to the approval of the justice presiding. ’ ’
Examination of the original order made on April 11, 1962 indicates that this issue had been sent to an Official Referee to hear and report unless a jury trial was demanded, in which event it was set down for trial at Trial Term, Part I.
The original order to show cause was obtained on Januarv 5, 1962.
The testimony in this case took no more than 15 minutes on October 7, 1963 at Trial Term, Part XII. Section 1458 of the Civil Practice Act provides in part: ‘ ‘ Where such opposing party, either on a motion for a stay or in opposition to the confirmation of an award, sets forth evidentiary facts raising a substantial issue as to the making of the contract or the submission or the failure to comply therewith, an immediate trial of the same shall be had.” (Emphasis supplied.)
Similarly, section 1450 wherein is provided a method for compulsion of arbitration, the following is provided in part: “If evidentiary facts be set forth raising a substantial issue as to the making of the contract or submission or the failure to comply therewith, the court, or the judge thereof, shall proceed immediately to the trial thereof.” (Emphasis supplied.)
*1040 Instead of this matter being disposed of in Special Term, Part I in 15 minutes on January 10, 1962, it was not submitted for disposition until October 7, 1963 at Trial Term, Part XII and then, according to the terms of the order decision upon the motion for a stay final submission must still be made in Special Term, Part I. As a result the referral caused the necessity of settling orders on notice for reference to an Official Referee, a subsequent motion for resettlement of the order when the office of the Official Referee was eliminated, the resettlement of the orders thereon, the payment of a calendar fee by an attorney for the trial of a simple issue raised on a motion, the necessity of attendance by attorneys in Trial Term, Part I for several days before the matter could be sent to a Trial Term, a trial in Trial Term and finally the submission of the decision of Trial Term to Special Term, Part I for ultimate disposition.
It is my considered opinion that merely because the office of Official Referee has been eliminated is not a reason for sending the trial of incidental issues raised on motion to Trial Term, Part I for disposition. It is just as easy for the matter to be disposed of immediately at Special Term, Part I and should be disposed of in that part. If this practice is permitted to continue then what is to stop Special Term, Part I from sending any contested issue upon which oral testimony is required to be taken to Trial Term for disposition instead of a trial being immediately had in Special Term, Part I? This would apparently apply not only to these issues of timeliness but to traverses, to oral arguments in connection with arrests in supplementary proceedings, to inquiries as to financial ability to pay in matrimonial cases and to many other matters.
It is interesting to note that under section 7503 of the Civil Practice Law and Rules, in subdivision (a), it is provided: ‘ ‘ Where any such question is raised, it shall be tried forthwith in said court.”
It is also interesting to note that nowhere in section 7503 is any provision made for a jury trial similar to that to which appeared in section 1458 of the Civil Practice Act. Some confusion may be caused in this regard by the language appearing in the legislative studies and reports appended to section 7503 in McKinney’s Civil Practice Law and Rules wherein the following is said: “ The phrase in CPA, § 1450,‘ proceed immediately to the trial thereof,’ must be read in the light of the provision of that section that a party may demand a jury trial within five days after the order directing the trial of an issue. Similarly, subd. (a) of this section, providing that the court shall try ,such an issue ‘ forthwith ’ is not intended to eliminate trial by jury *1041 if it is desirable or constitutionally required. Section 2218 of CPLE is applicable to trials of an issue raised on motion and outlines the manner in which the issue is to be tried and a jury trial demanded.”
The question is left open in this section as to whether the issue of timeliness is one which entitled a party to a jury trial at common law. I fail to find any reference to this right in Silver-nail’s Annotations of the New York Constitution, nor in Volume 4 of Lincoln’s Constitutional History of New York. The issue as to the making of the contract to arbitrate on compliance with the contract does not stand alone but is completely tied in with the special proceeding to enforce an arbitration agreement or to enforce an arbitration award made pursuant to said agreement. Just because a contract is involved does not necessarily mean that the rights thereunder need be adjudicated by a jury. The Appellate Division in Matter of Finsilver, Still & Moss (Goldberg, Maas & Co.) (227 App. Div. 90, 93) said: “ In final analysis, the order of a court enforcing by judgment the award of arbitrators is in the nature of the specific performance of a contract. The foundation of such a judgment is two-fold. It rests, first, upon the existence of the contract, and, second, upon the determination of the arbitrators after a hearing on the merits pursuant to the terms of that contract. When both these conditions exist, the court enforces the award. A party has a right both to a hearing before arbitrators and also to a judicial determination that he consented to arbitration. The order in which these rights are given him may be immaterial, but a statute which deprives him of one of them is a denial of due process.”
While the decision in that case was reversed, the Court of Appeals in 253 N. Y. 382, 393 said as follows: “ The question remains as to the remedy, if any, that should have been accorded to the defendant upon its motion for an injunction and for alternative relief. It had refrained from taking part in the hearings before the arbitrator. That being so, by the very terms of the statute, it was entitled to a jury trial as to the existence of a contract, if any issue of fact was raised by the petition and the answer.” It appears clearly that the right of a jury trial is dependent upon the terms of the statute and not upon any constitutional provision.
It may very well be that in that case a jury trial was ordered but that was because the then existing arbitration statute permitted such jury trial to be demanded. In an action to specifically perform a contract involved inextricably is the right to determination of the issue as to whether a contract was in the first instance made and whether there was performance there *1042 under. No jury trial as a matter of right is allowable in such action nor need it now be construed that the Legislature intended to retain the right to jury trial under sectioti. 7503, when, as a matter of fact it eliminated that provision from the Civil Practice Law and Buies.
Better practice and fairness to the Bar seems to me to indicate elimination of this costly calendar fee by a direction for a trial in Trial Term, Part I, and insistence upon disposition of the issues in Special Term, Part I.. Too many cases are already on the Trial Term Calendars to warrant such erroneous procedure. Justice is delayed thereby as is clearly indicated not only in this case but in all the cases where these issues are sent to Trial Term for disposition.
Now as to the facts in this case I find that the claimant’s attorney did proceed as soon as practicable under the circumstances. A great deal of the cause of delay, unchallenged by any testimony on behalf of MVAIC is the slow disposition of requests for information in the Motor Vehicle Bureau. No real prejudice has been shown by the MVAIC, nor was in fact any testimony elicited on its behalf. Under the circumstances I find that the notice of claim was timely. An order may be entered herein stating that disposition and the matter is remitted to Special Term, Part I for final disposition of the motion foir a stay.