█ L. C. J. REALTY CORP. et al., Appellants, v. TIBOR BACK et al., Respondents, et al., Defendants.— Appeals by plaintiffs from two orders of the Supreme Court, Westchester County, both dated July 13, 1970, one (a) denying their oral motion to strike out a jury demand filed by defendants Back and the other (b) denying their motion for leave to amend their complaint. Order denying plaintiffs' motion to strike out the jury demand reversed, without costs, and said motion granted as to the issues raised by the first cause of action in the complaint and denied as to the issues raised by the second cause of action therein and by the counterclaims and cross claim contained in the answer of defendants Back. Order denying plaintiffs' motion for leave to amend their complaint reversed, without costs, and said motion granted. The amended complaint must be served within 20 days after entry of the order hereon. The complaint pleads two causes of action based upon the same facts. The first cause seeks specific performance of certain contracts and thus is grounded in equity; the second cause seeks money damages for conspiracy to defeat and impair plaintiffs' rights under those contracts and thus is grounded in law. By joining these causes in a single complaint, plaintiffs may have waived their rights to a jury trial (CPLR 4102, subd. [c]), but they cannot thereby deprive defendants Back of their right to a jury trial of all issues so triable (Vinlis Constr. Co. v. Roreck, 23 A D 2d 895; Sado v. Sado, 32 A D 2d 546; 7 Carmody-Wait 2d, New York Practice, § 49:57, p. 553). Moreover, the answer of defendants Back contains counterclaims and a cross claim seeking money damages and indemnity for conspiracy to defeat their rights under a certain option agreement and for tortious injury to their credit; those claims are grounded in law; and defendants Back are entitled to a jury trial of the issues raised by them (CPLR 4102, subd. [c]; 7 Carmody-Wait 2d, New York Practice, § 49:41). The motion to amend the

complaint essentially seeks to transfer from the first cause of action to the second cause of action a paragraph alleging money damages. The intent apparently is to make it clear that the first cause of action is solely for equitable relief. While we consider the first cause as one in equity, even with that paragraph in it, the transfer of that paragraph to the second cause would prevent confusion and make for a more orderly trial, particularly in view of our holding that defendants Back are not entitled to a jury trial of the issues raised by the first cause but are entitled to such trial of the issues raised by the second cause, as well as the issues raised by their counterclaim and cross claim. For that reason we believe it was an improvident exercise of discretion to deny plaintiffs' motion for leave to amend the complaint. Munder, Acting P. J., Shapiro, Gulotta, Brennan and Benjamin, JJ., concur.