■ DONALD EPSTEIN et al., Individually and Doing Business as DECO, Respondents, v. PAGANNE LTD., Appellant. PAGANNE LTD., Appellant, v. DONALD EPSTEIN et al., Individually and Doing Business as DECO, Respondents.— Order, Supreme Court, New York County, entered on February 22, 1972, denying appellant's motion for an order striking the jury demand filed on behalf of the respondents, unanimously reversed, on the law, and the motion granted. Appellant shall recover of respondents $30 costs and disbursements of this appeal. Respondent, in action numbered 1, seeks in addition to money damages "an accounting from the defendants of the merchandise sold by said defendants in the entire territory or territories specified in the said contract between the parties". Clearly, therefore, the complaint seeks other than a sum of money only (CPLR 4101, subd. 1). By joining an equitable with a legal claim the plaintiff thereby waived its right to trial by jury and, accordingly, the motion to strike the jury demand should have been granted. (See *Di Menna* v. *Cooper & Evans Co.,* 220 N. Y. 391; *L. C. J. Realty Corp.* v. *Back,* 37 A D 2d 840; *Leav* v. *Weitzner,* 268 App. Div. 466.) The decision in *Vinlis Constr. Corp.* v. *Roreck* (23 A D 2d 895) relied upon by Special Term in denying the motion, does not hold otherwise. In that case it was merely held that plaintiff's joinder of legal and equitable claims in a single complaint could not in and of itself deprive the *defendants* of their right to a trial by jury on issues so triable. Concur — Stevens, P. J., Markewich, Murphy, Tilzer and Capozzoli, JJ.

■ JAMES J. CAPANO, Respondent, v. CITY OF NEW YORK, Appellant.— Judgment, Supreme Court, New York County, entered on October 20, 1971, unanimously reversed, on the law and on the facts, and vacated, and a new trial directed, with costs and disbursements to abide the event. Though it appears that defendant's negligence was sufficiently established by the proof, we cannot say that certain parts of the charge — particularly those portions thereof which seemingly took the factual issue of negligence away from the jury and discussed the safe-place-to-work doctrine — were not prejudicial to the defendant. Additionally, in our opinion the $400,000 verdict, under the circumstances of this case, was somewhat excessive. Concur — Stevens, P. J., Markewich, Murphy, Tilzer and Capozzoli, JJ.