Leon D. Lazbb, J.
Plaintiff in this action is the owner of three subdivision lots which he purchased from certain developers in 1971. In 1954, the same developers had encumbered their 15-lot map with certain covenants and restrictions. Those covenants limited the property to residential uses. Over the years 12 of the lots, so encumbered, were sold to the defendants. In 1968, the developers released the-last three lots from the covenants and they were sold to the plaintiff who seeks to construct a motel on them.
The complaint seeks judgment declaring -that the covenants no longer affect plaintiff’s land. The defendants are the owners of the other lots which remain restricted to residential use. Although no copy of their answer has been submitted to the court, it is assumed that if- plaintiff, fails, the court will nevertheless make a declaration as to the rights of the parties (Lanza v. Wagner, 11 N Y 2d 317; Baker v. Cole-Layer-Trumble Co., 42 A D 2d 581).
*429 The defendants now seek permission to file a jury demand.
An issue that would be submitted to a jury if the action were for coercive relief should similarly be submitted to the jury in an action for declaratory relief (Simler v. Conner, 372 U. S. 221; Beacon Theatres v. Westover, 359 U. S. 500 [construing U. S. Code, tit. 28, § 2201]; Town Bd. of Town of Greece v. Murray, 130 Misc. 55; 4 Weinstein-Korn-Miller, N. Y. Civ. Prac., par. 4101.39; 13 ALR 2d 778). In this case, the coercive relief in question would be a judgment directing compliance with the covenants. Indeed, absent declaratory judgment, defendants would lack any other remedy except to enforce the
restrictive covenants (cf. Lawrence v. Brockelman, 4 Misc 2d 194; Lugg v. Stirnweis, 43 N. Y. S. 2d 475). Since actions to enforce such covenants are equitable in nature (Evangelical Lutheran Church of Ascension v. Sahlem, 254 N. Y. 161; Forstmann v. Joray Holding Co., 244 N. Y. 22; Rubel Bros. v. Dumont Coal & Ice Co., 200 App. Div. 135, app. den. 233 N. Y. 618) and there is no right to a jury trial in equity actions (Phoenix Mut. Life Ins. Co. v. Conway, 11 N Y 2d 367; McKenna v. Meehan, 248 N. Y. 206) except as provided by statute, defendants may not obtain a jury trial here. Of course, the trial court may, at its discretion, avail itself of an advisory jury pursuant to OPLR 4212.
The motion is denied.