■ ABE GABBAY, Respondent, v SELIG RATCHIK, Defendant and Third-Party Plaintiff. MILTON ACKERMAN et al., Third-Party Defendants-Appellants, et al., Defendants.—In an action (1) to recover damages for conversion and (2) for an accounting, the third-party defendants appeal from so much of an order of the Supreme Court, Nassau County, dated June 30, 1977, as, in granting their motion to strike plaintiff's jury demand and direct that the action be tried without a jury, did so only with respect to the cause of action for an accounting. Order reversed insofar as appealed from, with $50 costs and disbursements, and motion granted in its entirety. By joining an equitable claim, one for an accounting, with a legal claim, one to recover damages for conversion, the plaintiff waived his right to a jury trial and, accordingly, the motion to strike plaintiff's jury demand should have been granted in its entirety (see *Di Menna v Cooper & Evans Co.,* 220 NY 391; *L. C. J. Realty Corp. v Back,* 37 AD2d 840; *Epstein v Paganne Ltd.,* 39 AD2d 855). The Special Term held that the legal and equitable claim could "be resolved at one trial, the legal claim by the jury, and the equitable action by the justice presiding at the jury trial." In short, the Special Term held that plaintiff had not waived his right to a jury trial on the conversion action. However, the cases cited by Special Term *(Micro Precision Corp. v Brochi,* 4 AD2d 697, and *Vinlis Constr. Corp. v Roreck,* 23 AD2d 895) do not support its conclusion. Those cases merely hold that a plaintiff who has waived his right to a jury trial by combining legal and equitable claims in one complaint may not deprive the defendant of his right to a jury trial upon a timely demand. No jury demand has been made by the third-party defendants. Accordingly, their motion to strike plaintiff's jury demand should have been granted (see *Di Menna v Cooper & Evans Co.,* 220 NY 391, *supra).* Titone, J. P., Hawkins, Suozzi and Mollen, JJ., concur.

■ ALEX HENDERSON et al., Appellants, v TWO HUNDRED CHINESE RESTAURANT et al., Respondents, et al., Defendants. (And Third- and Fourth-Party Captions.)—Judgment of the Supreme Court, Queens County, entered May 12, 1976, and order of the same court entered August 26, 1976, affirmed, without costs or disbursements. No opinion. Appeal from two orders of the same court, dated February 18, 1976 and February 23, 1976, respectively, dismissed, without costs or disbursements. Any right of direct appeal from the said orders terminated with the entry of the judgment (see *Matter of Aho,* 39 NY2d 241, 248). Rabin, J. P., Shapiro, Suozzi and O'Connor, JJ., concur.