■ MORRIS KAUFMAN, Respondent, v HENRY BRENNER et al., Appellants. —In an action, *inter alia,* for specific performance of certain contractual obligations, defendants appeal from (1) an order of the Supreme Court, Nassau County, dated October 26, 1977, which granted plaintiff's motion for a protective order with regard to certain disclosure sought by the defendants and (2) those portions of a further order of the same court, dated January 11, 1978, which (a) denied defendants' motion for summary judgment, (b) granted plaintiff's cross motion to vacate defendants' demand for trial by jury and (c) denied the motion of defendant Opoc Computing, Inc. (Opoc) for leave to serve an amended answer asserting counterclaims. Order dated October 26, 1977 affirmed and order dated January 11, 1978 affirmed insofar as appealed from, with one bill of $50 costs and disbursements to cover both appeals. In our view the Special Term was correct in denying defendants' motion for summary judgment. An issue of fact existed, with regard to the nature of the option, in view of the ambiguous language of the contract. Similarly, defendants' argument with respect to section 5-1105 of the General Obligations Law was properly rejected by the Special Term. Further, we believe that the Special Term did not abuse its discretion in granting plaintiff's motion for a protective order with regard to certain disclosure sought by defendants and in denying the motion of defendant Opoc for leave to serve an amended answer asserting counterclaims. Finally, the Special Term did not err in vacating defendants' demand for a jury trial since the main thrust of the action is in equity for specific performance. Damiani, J. P., Titone and Rabin, JJ., concur; Suozzi, J., concurs in the affirmance of (1) the order dated October 26, 1977 and (2) so much of the order dated January 11, 1978 as (a) denied defendants' motion for summary judgment and (b) denied the motion of defendant Opoc Computing, Inc. (Opoc) for leave to serve an amended answer asserting counterclaims, but otherwise dissents and votes to modify the order of January 11, 1978 by striking therefrom those provisions which granted plaintiff's cross motion for an order vacating and setting aside defendants' demand for a jury trial and by substituting in its place a provision denying plaintiff's cross motion, with the following memorandum: The instant litigation arises out of a series of agreements entered into between plaintiff and defendant Brenner, each of whom owned 50% of the issued and outstanding stock in both corporate defendants. The cumulative effect of these agreements as amended was as follows: Kaufman was granted an option to sell his stock to Brenner on or before September 27, 1976. Upon the proper and timely exercise of that option, (1) Brenner was to purchase the shares for a total of $275,000, (2) the corporate defendant Opoc was to pay Kaufman the sum of $1,000,000 over a period of five years and (3) the corporate defendant American Institute of Consumer Opinion, Inc., was to pay Kaufman $75,000 over a five-year period, for a total of $1,350,000. In addition, Brenner agreed, upon the exercise of the option, to personally guarantee payment of Opoc's obligations and Opoc agreed to continue, for a five-year period, all group insurance plans then applicable to Kaufman. Thereafter, a dispute arose between the parties as to whether plaintiff had validly exercised the option on or before September 27, 1976. It was defendants' contention that although notice of Kaufman's intention to exercise the option was given before that date,

tender of Kaufman's stock (and his resignation from corporate offices) was not made until October 1, 1976, and that plaintiff's failure to tender his stock on or before September 27, 1976 invalidated his attempt to exercise the option. Plaintiff interposed five causes of action in his complaint. In the first cause of action, plaintiff stressed the unique and special value of his shares, the invaluable and irreplaceable group life insurance policy maintained for his benefit by the corporate defendant Opoc and Brenner's personal guarantee of the corporate defendants' obligations and alleged that he did not have an adequate remedy at law and that specific performance was an appropriate remedy. In the alternative ("should the Court determine that the plaintiff is entitled to be awarded damages in lieu of specific performance"), plaintiff interposed four other causes of action alleging damages in the sum of $1,350,000 (corresponding to defendants' specified financial obligations under the agreements), together with "such other damages as may be determined by the Court". Plaintiff omitted any reference to defendants' agreement to maintain the insurance or guarantee the payments in those alternative causes of action. By its affirmance of the order of January 11, 1978, the majority holds that plaintiff's cross motion to vacate and set aside defendants' demand for a jury trial was properly granted. With regard to this issue, the Special Term held: "The cross-motion by plaintiff for an order vacating and setting aside defendants' demand for a jury trial is granted. In an equity action neither the plaintiff nor the defendant is entitled to a jury trial. See *Phoenix Mutual Life Ins. Co. v. Conway,* 11 N Y 2d 367; *Wagenhoffer v. Bier,* 75 Misc 2d 428; *Application of Motor Vehicle Accident Indemnification Corp. [Coccaro],* 40 Misc 2d 1038. In *Jamaica Savings Bank v. M. S. Investing Co.,* 274 N. Y. 215, 221, the Court of Appeals stated: 'In an action in equity there is no right of trial by jury. Even where, as incidental to the main relief prayed for, the complaint asks money damages, a separate trial by jury is not within the purview of the constitutional guarantee.' In the case at bar, the first and main cause of action is in equity seeking specific performance. The other causes of action are pleaded in the alternative. In *Northern Operating Corp. v. Anapol,* 30 A D 2d 690, a similar situation was considered by the Second Department, which stated: 'Although it would in no event be necessary to decide whether defendant was entitled as a matter of right to a jury trial of the second cause, it appears unlikely that the defendant had such right, since the second cause is essentially one seeking alternative relief and the major thrust of the case is in equity (4 Weinstein, Korn, Miller, N.Y. Civ. Prac., para. 4101.37)'. (See also Concurring Opinion of Justice Rabin in *Federman v. Berger,* 13 A D 2d 766)". In substance, the Special Term and the majority hold that defendants were not entitled to a jury trial on the ground that the causes of action seeking money damages were pleaded in the alternative and were merely "incidental" to the main equitable cause of action, which cause of action represented the "major thrust" of the case. I disagree with the reasoning and conclusion of both the Special Term and the majority. It has been consistently held by the courts of this State that if a party asks for both legal and equitable relief, even if in respect to the same transaction, and even if pleaded in the alternative, he may not deprive an adverse party of the latter's right to a jury trial of all issues so triable *(Di Menna v Cooper & Evans Co.,* 220 NY 391, 395; *Ehrle v Sutton Place Apts.,* 137 Misc 122, 123; *L. C. J. Realty Corp. v Back,* 37 AD2d 840; *Vinlis Constr. Co. v Roreck,* 23 AD2d 895; see, also, CPLR 4103, which governs the situation where it appears during the course of a trial that a plaintiff who sought equitable relief is entitled to legal relief only. Under such circumstances, defendant is

given an opportunity to demand a jury trial of the newly-arisen legal claims). Nor does the reasoning of Special Term mandate a different conclusion. The Special Term held that the legal relief sought was incidental to the main cause of action seeking equitable relief and cited, in support thereof, *Jamaica Sav. Bank v M. S. Investing Co.* (274 NY 215) and *Northern Operating Corp. v Anopol* (30 AD2d 690). In my view, those cases are readily distinguishable from the case at bar. In the *Jamaica Sav. Bank* case the complaint pleaded a single cause of action in equity seeking foreclosure and judgment for a deficiency. Defendants' request for a jury trial was denied on the ground that the right to recover a deficiency judgment did not exist as a separate action independent of the established equitable action for foreclosure. *Jamaica Sav. Bank,* then, really involved a single equitable cause of action. Here, plaintiff has interposed, in addition to an equitable cause of action, several traditional causes of action for damages arising out of an alleged breach of contract. The *Northern Operating Corp.* case is also distinguishable. There, this court's expression of doubt as to whether the defendant therein was entitled to a jury trial was clearly dictum. Moreover, the court's statement in *Northern* that the legal relief requested was merely an alternative to the equitable cause of action, which was "the major thrust of the case", is clearly supportable and understandable in the light of the factual context of that case, which involved a plaintiff purchaser's equitable action for specific performance of a contract for the sale of real property. Specific performance of a contract to convey real estate however, is a "well-recognized" remedy and, as a general rule, the vendee's right to specific performance "is not affected by the existence of a remedy at law and an action at law to recover damages for breach of contract is not regarded as such adequate remedy" (81 CJS, Specific Performance, § 77, pp 886, 890-891). In the case at bar, the thrust of plaintiff's action is clearly the recovery at law of monetary damages in the sum of $1,350,000 (cf. *City of Syracuse v Hogan,* 234 NY 457). Accordingly, plaintiff's cross motion to vacate defendants' demand for a jury trial should have been denied.