Fuchsberg, J.
(dissenting). I would modify the order of the Appellate Division so as to reinstate defendant’s demand for a jury trial.
The right to trial by jury is top well, too long and too deservedly enshrined in our system of government to need exposition here. It certainly has not been surrendered to the merger of the law and equity sides of our courts (for an interesting development of its history in New York see Matter of Luria, 63 Misc 2d 675 [Sobel, S.]). A fortiori, absent a waiver, a jury is not foresworn merely because a litigant seeks equitable relief as an incident to a quest for money damages.
In the present case, plaintiff Kaufman claims he exercised an option under a contract to sell his stock interest in two corporations to the defendant Brenner for a total of $1,350,-000. As fringe terms of the contract, Brenner, it is also alleged, agreed that the corporations would continue Kaufman’s group insurance coverage for a period of five years and hold him harmless from possible corporate taxes or other liabilities resulting from his former corporate activity. The relatively minor economic impact of the value of the insurance and hold harmless provisions on the over-all agreement is readily apparent from Kaufman’s complaint. While his first cause of action asks specific performance of the contract, it is followed by four "alternative” causes of action that sound in "debt” or "breach of contract”. These traditionally legal claims seek money damages for the full $1,350,000 which the contract expressly stipulates. Thus, as the well-reasoned dissent of Mr. Justice Suozzi at the Appellate Division put it, "the thrust of plaintiff’s action is clearly the recovery at law of monetary damages” (63 AD2d 692, 694).
One could hardly deny that, if Kaufman had decided to reverse the order in which the self-same causes of action were listed in his complaint, placing the four for money damages in debt or contract at the beginning and the single one asking *790 for specific performance under the heading "alternate” at the end, the equity action would immediately be flagged as peripheral. Obviously, "alternate” and "incidental” are not the same; in any event I would make no fetish of the use of either word when the substance to which they attach speaks for itself. Without gainsaying Kaufman’s privilege to waive a jury for himself, certainly Brenner, whose pleadings asserted typical law defenses — that the contract was not authorized by the corporations, that in any event Kaufman did not comply with conditions precedent to his exercise of the option, and that therefore there was no breach of contract — could not be deprived of his own right to a jury trial merely by Kaufman’s arbitrary choice of the order in which he listed and the "words, allegations or the prayer for judgment” by which he labeled the causes of action in his complaint (City of Syracuse v Hogan, 234 NY 457, 461, 462-463 [McLaughlin, J.]; Di Menna v Cooper & Evans Co., 220 NY 391, 395 [Cardozo, J.]).
Order affirmed, etc.