■ ROBERT L. MARCUS et al., Respondents, v WILLIAM FABRIKANT, Appellant. — Upon this appeal from the judgment of the Supreme Court, New York County, entered February 11, 1980, which, *inter alia,* directed defendant Fabrikant to pay a fair rent of $7,200 per month to the limited partnership, and the order of the same court, entered February 11, 1980, which denied defendant's motion for a new trial, the order is unanimously modified by granting the motion to the extent of modifying the judgment, by vacating so much thereof as directed defendant to pay $7,200 per month in rent and by remanding that matter for reconsideration and clarification, consistent herewith, and, as modified, the judgment and order are otherwise affirmed, without costs. The plaintiffs sought, *inter alia,* an accounting for defendant Fabrikant's breach of the limited partnership agreement, as amended. The monetary damages sought by the plaintiffs were only incidental to the accounting. Since the chief thrust of this action is for equitable rather than legal relief, defendant was not entitled to a jury trial on the Weiner claim (CPLR 4101, subd 1; *Epstein v Paganne, Ltd.,* 39 AD2d 855; *Hubbard v Maloney,* 25 AD2d 943). In view of the fact that there was ample evidence in the record to support the trial court's disposition of the Weiner claim, we do not disturb its findings in that matter. With regard to the plaintiffs' claim involving Laurence W. Ford Co., Inc. (Ford), it should be emphasized that Ford was not a party to this proceeding. Therefore, the trial court could not and did not order Ford to pay a higher rent

for the space which it had leased from the limited partnership. Instead, the trial court directed defendant Fabrikant to pay a fair rent of $7,200 per month for the space to the limited partnership. While the defendant had an interest in Ford, he was not the actual lessee of the space involved. If the trial court wished to affect Ford's rights under the lease, then Ford should have been joined as a necessary party. If it wished to direct defendant Fabrikant to pay the difference between Ford's original rent and the higher rent set at $7,200 per month, then the trial court should have so stated. The Ford claim must be remanded for reconsideration and clarification. Concur — Murphy, P.J., Kupferman, Sullivan, Markewich and Lynch, JJ.