■ MERYL F. TREPUK et al., Respondents, v NORMAN D. FRANK, Individually and as Executor of JOSEPH STEINHARDT, Appellant. — Order, Supreme Court, New York County (Eugene R. Wolin, J.), entered November 16, 1982, insofar as it denied defendant's cross motion to strike plaintiffs' jury demand, unanimously reversed, on the law, without costs, and the cross motion is granted.

Plaintiffs commenced an action in 1974 seeking an accounting and money damages for fraud and conversion allegedly committed by defendant while acting as an executor of the estate of the deceased, Joseph Steinhardt, and as trustee of the corpus of that estate.

It is unnecessary on this appeal to review the extensive procedural history that has characterized this now 10-year-old action, which has included defendant's ultimately unsuccessful motion to dismiss on the basis of the Statute of Limitations (44 NY2d 723) and a further unsuccessful motion for summary judgment (see 56 NY2d 779, revg 86 AD2d 578 for the reasons set forth in the dissenting memorandum of Mr. Justice Birns).

Following the latest decision of the New York Court of Appeals, plaintiffs moved by notice dated June 7, 1982 to restore the original 1980 note of issue, which included a jury demand, and for a preference. By notice of motion dated July 15, 1982 the defendant cross-moved to strike the jury demand. It is from that portion of an order of the Supreme Court dated November 16, 1982, denying defendant's motion to strike the jury demand, that defendant now appeals.

We disagree with Special Term's ruling, and accordingly reverse and grant the motion to strike the jury demand. The plaintiffs, by joining their equitable claim for an accounting with legal claims for money damages arising out of the same transactions, waived their right to trial by jury. (CPLR 4101, subd 1; 4102, subd [c]; *Epstein v Paganne Ltd.,* 39 AD2d 855; *Gabbay v Ratchik,* 60 AD2d 593; *Sepinski v Bergstol,* 81 AD2d 860; 4 Weinstein-Korn-Miller, NY Civ Prac, par 4101.36.)

*Vinlis Constr. Co. v Roreck* (23 AD2d 895), relied upon by Special Term in denying the cross motion, does not require a contrary result. That case held that a *defendant* shall not be deemed to have waived his right to a jury trial on issues so triable as a result of a *plaintiff's* joinder of legal and equitable claims in the complaint. "The rule is fundamental that where a

plaintiff seeks legal and equitable relief in respect of the same wrong, *his* right to trial by jury is lost. If any right remains, it is the right of the defendant [citations omitted]." (*Di Menna v Cooper & Evans Co.,* 220 NY 391, 396; see, also, *Epstein v Paganne Ltd.,* 39 AD2d 855, *supra.*) We observe further that even a defendant will not be entitled to a jury trial where the main thrust of the plaintiff's action is for equitable rather than legal relief, as is the case herein. (*Marcus v Fabrikant,* 81 AD2d 527; *Kaufman v Brenner,* 63 AD2d 692, affd 46 NY2d 787; 4 Weinstein-Korn-Miller, NY Civ Prac, par 4101.37.)

Plaintiffs argue that their action "is clearly one of fraud by an estate fiduciary which seeks monetary damages, coupled with an incidental equitable action for an accounting." We disagree. "The existence of a fiduciary relationship between plaintiff and defendant and wrongdoing on the part of the defendant are essential elements of an equity complaint where an accounting is demanded." (1 NY Jur 2d, Accounts and Accounting, § 30.) That the complaint herein also seeks, in addition to an accounting, the return of money allegedly converted by the defendant.or damages for fraudulent acts violative of the defendant's fiduciary duty, does not in any sense change the reality that the main thrust of this action is one for an accounting. (See *Pieper v Renke,* 4 NY2d 410.) Concur — Sandler, J. P., Carro, Asch, Fein and Kassal, JJ.