■ HILDA BENT, Respondent, v NYDREL WITTER, Appellant. —Order, Supreme Court, Bronx County (Bertram Katz, J.), entered on or about July 18, 1989, which, *inter alia,* denied defendant's motion to strike the action from the calendar because discovery was not complete and further denied defendant's motion to strike plaintiff's jury demand, unanimously modified, on the law, to the extent of striking plaintiff's demand for a jury trial, and otherwise affirmed, without costs.

While the parties differ as to the exact nature of this action, its essence appears to be that the plaintiff, a woman in her eighties, and the defendant, a relative, entered into a partnership agreement to purchase a building, that plaintiff provided money to purchase and manage the building and that defendant fraudulently induced plaintiff not to appear at the closing, kept her name off the deed, and when the building was sold, failed to provide her with her share of the proceeds. Thus an accounting is sought. This being so, the action is equitable in nature and the jury demand should have been stricken even if legal claims for money damages were also asserted. *(Marcus v Fabrikant,* 81 AD2d 527 [1st Dept 1981]; *Trepuk v Frank,* 104 AD2d 780 [1st Dept 1984]; *Kaplan v Long Is. Univ.,* 116 AD2d 508 [1st Dept 1986].) Concur—Sullivan, J. P., Milonas, Kassal, Wallach and Smith, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LEROY WILLIAMS, Appellant.—Judgment, Supreme Court, Bronx County (David Stadtmauer, J.), rendered on November 10, 1987, unanimously affirmed. Application by appellant's counsel to withdraw as counsel is granted. *(See, Anders v California,* 386 US 738; *People v Saunders,* 52 AD2d 833.) We have reviewed this record and agree with appellant's assigned counsel that there are no nonfrivolous points which could be raised on this appeal. Concur—Murphy, P. J., Kassal, Ellerin, Smith and Rubin, JJ.