FRANCIS H. N. WHITING et al., Appellants, *v.* THE CITY BANK OF ROCHESTER, Respondent.

Plaintiffs sent to defendant for collection a promissory note payable at its bank, made by U., one of its customers. The note fell due Sunday, July 4, 1875. On July third defendant marked the note as paid, and sent to plaintiff a draft for the proceeds. U., at that time, had a small balance to his credit, but not sufficient to pay the note. On July sixth, defendant having learned that U. had failed, stopped payment of the draft, and requested plaintiffs to return it, claiming that it had remitted for the note by mistake. Plaintiffs thereupon returned the draft. Defendants, on July sixth, also caused the note to be noted for protest,

and mailed notice of non-payment to McE., an indorser, both being dated back to July third. In an action to recover damages for negligence, *held*, that as the note was made payable at defendant's bank, and the funds not being there to meet it when it fell due, a demand for payment was not necessary, and all that was required of defendant was to notify the indorser of non-payment; that notice having been sent on the next business day it was in time; and that if the mistake occurred as alleged, defendant was not liable; but the presumption was that the note was not paid by mistake, but voluntarily on the credit of the maker, in which case the payment could not be retracted, it discharged the indorser and so rendered defendant liable.

The only evidence to sustain the allegation of mistake consisted of a telegram from defendant's assistant cashier to plaintiffs, stating that defendant had remitted for the note by mistake, and a letter of a similar purport with a statement that the note had been protested and the indorser notified. Evidence was given by plaintiffs to the effect that the note was not protested, or notice of non-payment mailed, until after defendant had learned of the failure of U. *Held*, that the fact that there was a mistake was not so conclusively proved as to justify the court in refusing to submit the question to the jury.

Also *held*, that the form of action was proper; that an action to recover the proceeds of the note, as for money had and received, would not have been appropriate.

*Troy City Bank v. Grant* (Hill & Denio's Suppt., 119), distinguished.

(Argued April 24, 1879; decided May 20, 1879.)

APPEAL from judgment of the General Term of the Supreme Court, in the fourth judicial department, in favor of defendant, entered upon an order denying a motion for a new trial, and directing judgment upon an order non-suiting plaintiffs upon trial.

This action was brought to recover damages for alleged negligence on the part of defendant, in omitting to charge an indorser of a promissory note sent by plaintiffs to defendant for collection.

The note in question was made by R. L. Underhill, who resided at Rochester, payable to the order of H. S. McEntee, at defendant's bank, and was indorsed by the payee to plaintiffs. The note, by its terms, became due July 4, 1875, which day fell on Sunday. Underhill was a customer of and had an account with defendant, and on July third there was a small balance to his credit, but not enough to pay the

note. The note was forwarded by plaintiffs to defendant for collection. It was received in due time, and on July 3, 1875, it was marked as paid by being cut with the canceling hammer, and defendant remitted to the plaintiffs a draft upon its New York correspondent for the proceeds. Underhill failed on the sixth.

The further facts appear sufficiently in the opinion.

*J. C. Cochrane*, for appellants. The note in suit was not protested in time. (*Bk. of Utica* v. *Smith*, 18 J. R., 230; *Griffin* v. *Goff*, 12 id., 423; *Johnson* v. *Haight*, 13 id., 470; *Ransom* v. *Mack*, 2 Hill, 587; *Jackson* v. *Richards*, 2 Cai., 343; *Lewis* v. *Burr*, 2 Cai. Cas., 195; *Newark India Rub. Co.* v. *Bishop*, 3 E. D. S., 48; *Merch. Bk.* v. *Elderkin*, 25 N. Y., 178; *Bk. of Cooperstown* v. *Woods*, 28 id., 561; *Bk. of Syracuse* v. *Hollister*, 17 id., 46.)

*W. F. Cogswell*, for respondent. Mailing notice of non-payment of the note on the next business day after the note became due was in season. (*Farmers' Bk. of B.* v. *Vail*, 21 N. Y., 485; *Howard* v. *Ives*, 1 Hill, 263; *Troy City Bk.* v. *Grant*, H. & D., 119; *Burkhatter* v. *Second Nat. Bk. of Erie*, 42 N. Y., 538.)

RAPALLO, J. Had the bank not treated the note as paid, and had it not remitted to the plaintiffs a draft for the proceeds, but had it simply sent notice of non-payment to the indorser on the sixth of July, it would hardly be pretended that it had not performed its duty and legally charged the indorser. It was not necessary to make any demand for payment of the note as it was payable at the same bank to which it was remitted for collection, and the funds not being there to meet it all that was necessary to be done was to notify the indorser of the non-payment. This notice having been sent on the next business day after the note became due, was in time. (*Farmers' Bank of Bridgeport* v. *Vail*, 21 N. Y., 485; *Howard* v. *Ives*, 1 Hill, 263; *Burkhalter* v. *Second*

*National Bank of Erie*, 42 N. Y., 538.) The only questions in the case are, whether the action of the bank in treating the note as paid and remitting the proceeds to the plaintiffs was had under a mistake of fact, and, if so, whether the mistake could be corrected. If the mistake actually occurred and the correction was made in time to give the necessary notice to charge the indorser, no one has suffered, and the parties are all placed in the same situation as if the alleged mistake had not occurred. On this hypothesis the course taken by the bank is sanctioned by the case of *The Troy City Bank* v. *Grant* (Hill & Denio, 119), which is an authority directly in point. The appellant however claims that the evidence does not sustain the allegation that the note was marked paid, and that the proceeds were remitted to the plaintiffs, by mistake, but that it is subject to the construction that the bank intentionally paid the note, giving credit to the maker, and trusting to his making his account good, and that the allegation that the payment was made by mistake was an after thought, set up only after the discovery that the maker had failed.

If the payment was not made by the bank by mistake, but was made voluntarily on the credit of the maker of the note, it is very clear that it could not be retracted. The payment of the note under such circumstances discharged the obligation of the indorser, and that obligation could not be revived by the bank, nor by any transaction between it and the plaintiffs. The fact of the mistake was directly in issue in the cause. The only evidence to sustain the allegation consisted of a telegram sent by the assistant cashier of the bank to the plaintiffs, stating that the bank had remitted for the note by mistake and requesting a return of the draft, and of a letter from the same officer to the plaintiffs, enclosing the note, stating that it had been protested for non-payment; that the book-keeper of the bank had by mistake placed it among the notes which were to be paid and that in the press of business it was remitted for although the maker had less than $100, to his credit. That the bank had found the address of the

indorser and given him notice of non-payment. A return of the draft remitted was also requested in this letter.

The plaintiffs presented the draft for payment and found that payment had been stopped by the bank. They thereupon returned it to the bank.

This is all the evidence on the subject of the alleged mistake. The book-keeper by whom it is said to have been made was not called as a witness.

The plaintiffs called a witness and offered to prove that on the sixth of July, after the note had been remitted for by the bank, the assistant cashier went to the store of the maker of the note and stated that he had paid the note on the third of July and had learned on the sixth that the maker's account was not good, and he desired a check for the balance ; that he was then informed that the maker had failed, and he thereupon said that he must go back and protest the note. This evidence was excluded and exception taken.

The plaintiffs also proved by the assistant cashier, who was also the notary of the bank, that he noted the note for protest on the sixth of July but dated it back to the third. That the notices were made out and mailed on the sixth but also dated back to the third. He was asked whether he did not learn that the maker had failed before he protested the note, but this question was excluded and exception taken. He testified that the note was cut and canceled in the usual way.

The evidence to prove the mistake was, to say the least, very slight, consisting only of the unsworn declarations of the assistant cashier, he not even being the person who is alleged to have made the mistake. There is no legal presumption that payments made by a bank are made by mistake, even when the account of the party for whom they are made is not good. The fact, if material, must be proved. Certainly the fact was not conclusively proved in this case, so as to justify the court in refusing to submit it to the jury. In *Troy City Bank* v. *Grant* (Hill & Denio Sup., 119), the case was submitted to the jury, and from the report it would

seem that it was found or conceded that the note was honored by the bank through the merest mistake, and that the bank did not give credit to the maker, and there was no understanding that it should take up the note. On the motion for a nonsuit no point was made that these facts had not been proved.

The evidence offered for the purpose of showing that the defendant's cashier applied to the maker to have his account made good, and that it was only on discovery of the insolvency of the maker that he concluded to protest the note, had some bearing we think upon the question. The presumption of fact being that the payment was voluntary unless shown to have been made by mistake, we think that the evidence at most presented a case for the consideration of the jury, and it should have been submitted to them. The court, although requested, refused to submit any question to the jury and nonsuited the plaintiffs. In this we think it erred.

It is contended that even if the payment was voluntary and intentional, and credit was given to the maker, the plaintiffs were not entitled to recover in this action, but they ought to sue for the proceeds of the note. We do not think this position tenable. In the first place all the facts of the case are set forth in the complaint, and if they disclose a good cause of action the plaintiff may recover notwithstanding that he may have assigned in his complaint an insufficient ground for recovery. (*Wright* v. *Hooker*, 10 N. Y., 51.) But it cannot be said in this case that the bank has received payment of this note. An action for money had and received would not be appropriate. The bank by honoring the note, if done intentionally, on the credit of the maker discharged the indorser, and by stopping payment of the draft remitted to the plaintiffs as for the proceeds, and obtaining its return on the allegation that the remittance was made by mistake, has placed the plaintiffs in the same position as if it had not been made. So that the whole effect of the action of the bank has been to discharge the indorser and leave the note unpaid. It has thus made the note its own, and is liable

therefor to the holder, unless it substantiates the allegation that the payment or honoring of the note was under a mistake of fact which entitled it to retract, and recall its action in that respect.

The judgment should be reversed and a new trial ordered, costs to abide the event.

All concur.

Judgment reversed.