Betts *v.* Cox.

## Marine Court.

*General Term—May,* 1883.

## GEORGE W. BETTS *against* HENRY E. COX.

Notice of dishonor of a promissory note was given to the indorser in an informal way, on a card deposited in his postal-box. The defendant received the card. The trial judge refused to let the plaintiff go to the jury on the question whether the card was sufficient to carry to the defendant knowledge of the protest of the note in suit. *Held,* error, and that the question should have been

submitted. *Held*, also, that when a note falls due on Saturday, July 3, and the national holday is celebrated on Monday, the 5th, a notice deposited on the 6th was timely.

Appeal from judgment entered on the dismissal of the complaint.

*Platt & Bowers*, for plaintiff and appellant.

*A. J. Perry*, for defendant and respondent.

McAdam, J.—The note sued upon became due ⌐on Saturday, July 3, 1880, and was on that day protested. The Fourth of July, our national holiday, occurring on Sunday, it was celebrated on the July 5 (Monday). On Tuesday, July 6, 1880, the defendant, as indorser of the note sued upon, was informed of its dishonor. This information was conveyed on a card deposited in the postal-box of the defendant at his place of business.

On Wednesday, the 7th, the defendant was informed of the deposit of the card, and did not dispute its receipt. The plaintiff asked to go to the jury upon the question whether or not the notice was sufficient to convey to the defendant knowledge that the note was protested. We think the trial judge erred in refusing this request (See 77 *N. Y.* 363). If the party addressed receives the notice, or if it can be properly inferred by the jury from the facts of the case that it was received, the manner of its transmission is immaterial (*Daniels on Neg. Inst.* § 1003). The form of the notice is immaterial, so long as it enables the indorser to whom it is sent to secure the liability of others to him (*Id.* §§ 973, 974, 975). The rule is not intended to be technical, but to promote substantial justice between the parties (*Id.*).

We do not think that substantial justice has been done in this case. The note was sufficiently described, in view of the fact, that the parties held no other note to which

the notice could have applied. The judgment appealed from must therefore be reversed, and a new trial ordered, with costs to abide the event.

SHEA, Ch. J., concurred.

Upon the new trial, the jury found for the plaintiff, and the judgment was affirmed by the general terms of the city court and court of common pleas.