CAROLINE B. EHRLE, Plaintiff, *v.* SUTTON PLACE APARTMENTS, INC., and Others, Defendants.

Supreme Court, New York County, March 29, 1930.

*Spitz & Bromberger* [*Alexander Pfeiffer* of counsel], for the plaintiff.

*Herman C. Storck,* for the defendant Sutton Place Apartments, Inc.

*Ralph C. Taylor,* for the defendant Chatham and Phenix National Bank.

VALENTE, J.   Defendants seek to strike this cause from the Trial Term calendar on the ground that it properly belongs on the Special Term calendar.   The first cause of action — for ejectment — is properly in Trial Term.   The fact that a determination in favor of the plaintiff would require the removal of an encroaching wall does not change the character of the action.   (*Hahl* v. *Sugo,* 169 N. Y. 109.)   But plaintiff has joined with the action for ejectment an action for the protection of his easement.   He cannot oust an invader of his easement by ejectment.   An easement is an incorporeal hereditament, and an action for ejectment does not lie to oust a trespass upon such easement.   (19 C. J. 1035, and cases cited.)

Defendants urge that, by joining a cause of action in equity with one in law, plaintiff waived the right to trial by jury, and the case should be tried in equity.   (*Carroll* v. *Bullock,* 207 N. Y. 567; *Di Menna* v. *Cooper & Evans Co.,* 220 id. 391.)   The rule is not quite so broad.   It is only where a party asks for both legal and equitable relief in respect to the same cause of action that he waives, though he may not thus deprive the adverse party of the right to a trial by jury.   Since plaintiff is anxious to retain her right of trial by jury, she must be content to have the second cause of action severed from the first in ejectment.

The motion is, therefore, granted to the extent of severing the second cause of action and transferring it to the Special Term without changing the date of issue of the first cause by the service of such amended pleadings as the parties may deem necessary.   Settle order.