■ AUSTIN G. RIESENBERGER, Appellant, v. GLADYS SULLIVAN, Also Known as GLADYS RIESENBERGER, Respondent. (Appeal No. 1.) — Appeal from an order granting a motion to transfer the case from the Trial Term calendar to the Special Term calendar. In April, 1948, appellant and respondent executed a separation agreement in which appellant agreed to pay $16 weekly for the support of his wife, the respondent, so long as she lived chaste and apart from him, agreed to pay $7 a week for the support of their children during their minority or until they became self-supporting and any necessary and reasonable amounts for repairs to their home until it was sold. It was also provided that the "house and lot now standing in the name of the wife shall be sold as soon as practical after June, 1948, and the proceeds of the sale shall be divided equally between the parties hereto." The parties were divorced in 1949 and respondent remarried on June 5, 1953. Three causes of action are alleged in the amended complaint. In the first cause, appellant seeks specific performance of the agreement to sell the house and to divide the proceeds, and an accounting. He alleges that he has no adequate remedy at law. In the second cause, he seeks to recover $2,250 paid to respondent after November 1, 1948, in alleged reliance upon her promise to sell the house and otherwise perform the agreement, under a mistake of fact that she would sell the house and divide the proceeds or as a result of her fraud. In the third cause, pleaded as an alternative if specific performance is not decreed, he seeks a determination, allegedly pursuant to article 15 of the Real Property Law, of the respective rights of the parties, a determination barring her claim to sole ownership of the real property, a decree ordering the sale of the real property and an accounting or that she be ordered to convey an undivided one-half interest of the property to him. *Inter alia*, the amended answer alleges that he did not pay for the repairs, as required, and did not pay $16 a week from August 1, 1952, to June 5, 1953. A counterclaim for a money judgment based on the $16 a week for that period is pleaded. Order affirmed, without costs. Assuming that a plaintiff, who pleads independent and unrelated legal and equitable causes of action in one complaint (Civ. Prac. Act, § 258) does not relinquish his right to a trial by jury on the legal causes (see, e.g., *Di Menna* v. *Cooper & Evans Co.*, 220 N. Y. 391, 396; *Ehrle* v. *Sutton Place Apts.*, 137 Misc. 122, affd. 231 App. Div. 712; cf. *De Ruvo* v. *Paglia*, 283 App. Div. 943; *Moe* v. *Reliance Ins. Co.*, 188 App. Div. 977), such a situation is not presented by this complaint. The gravamen of the three causes pleaded is basically the same, i.e., that respond-

ent had violated the separation agreement by failing to sell the house and divide the proceeds. The three causes are based on the same basic and primary wrong (see, e.g., *Di Menna* v. *Cooper & Evans Co., supra; Davlee Constr. Corp.* v. *Town of Huntington,* 285 App. Div. 971; *Payne* v. *New York, Susquehanna & Western R.R. Co.,* 201 N. Y. 436; 2 Carmody-Wait, Cyclopedia of New York Practice, pp. 423–424). When the counterclaim for a money judgment and the reply thereto were served, appellant had a right to a jury trial on the issues raised by the counterclaim and the reply (*Voges Mfg. Co.* v. *New York & Queens Elec. Light & Power Co.,* 261 App. Div. 377). But he had no right to a jury trial on the causes of action alleged in the complaint. The affidavit in support of the motion stated that the joinder in the same complaint of causes of action in equity and causes triable by a jury constituted a waiver of the right to a jury trial. No reference to the counterclaim was made in the affidavit but the notice of motion referred to the pleadings. The affidavit in opposition to the motion stated that at least two of the causes of action in the complaint are cognizable at law and requested denial of the motion. It made no request that the counterclaim be severed and tried at Trial Term or that questions be framed on the issues raised by the complaint and the denials and defenses in the answer. It made no reference at all to the counterclaim. Under those circumstances, Special Term did not err in granting the motion (see, e.g., *Di Menna* v. *Cooper & Evans Co., supra,* p. 397). Wenzel, Acting P. J., Murphy, Ughetta, Hallinan and Kleinfeld, JJ., concur. [See 2 A D 2d 706.]