Walter R. Hart, J.
Motion by plaintiff for a jury trial on the causes of action in the complaint and counterclaim.
Plaintiff sues for specific performance of an alleged oral contract for the sale of real property. The answer includes a counterclaim which has been construed as stating a cause of action in ejectment (Noto v. Headley, N. Y. L. J., Aug. 5, 1960, p. 3, col. 7).
Specific performance is an equitable remedy (Rindge v. Baker, 57 N. Y. 209 ; Karp v. Twenty-Three Thirty Ryer Corp., 185 Misc. 440, affd. 270 App. Div. 758), and there is no right to a trial by jury in such an action (see Jamaica Sav. Bank v. M. S. Investing Co., 274 N. Y. 215, 221, and cases cited). The cause of action, as pleaded in the complaint, does not seek a determination of a claim to real property within the purview of article 15 of the Real Property Law so as to entitle plaintiff to a jury trial as of right under section 425 of the Civil Practice Act (see Karp v. Twenty-Three Thirty Ryer Corp., supra). However, plaintiff is entitled to a jury trial on the legal counterclaim interposed (Di Menna v. Cooper & Evans Co., 220 N. Y. 391 ; City Bank Farmers Trust Co. v. Hartshorne, 264 App. Div. 287). The motion for a trial by jury is granted to the extent indicated.