Charles Margett, J.
This is an application to vacate and set aside an arbitration award upon the grounds of partiality of the arbitrator appointed as a neutral and misconduct in procuring the award.
The petitioners were injured in an automobile accident allegedly caused by an uninsured motorist. In October, 1963 they filed a notice of claim against the respondent, MVAIC. *548 After the necessary preliminary procedures were completed, a demand for arbitration was served by the claimants on July 16, 1964. Thereafter, the American Arbitration Association designated an attorney to serve as arbitrator. The claimants objected to this attorney on the ground that he was associated with a law firm which represented an insurance company in personal injury actions asserted against it. The American Arbitration Association sustained this objection and on September 28,1964 designated another attorney to serve as arbitrator. At that time, the Arbitration Association informed the claimants’ attorney that the arbitrator “ previously served as Trial Counsel and Attorney of Record for the Allstate Insurance Company and further; that he expects to be retained by an insurance company at some time in the not too distant future.” It was also represented that the arbitrator was an attorney practicing in the field of negligence and that he had two cases pending against the MVAIC on behalf of claimants.
The petitioners did not then object to the designation of that arbitrator. Thereafter, on December 7, 1964, the Arbitration Association advised the parties that the said arbitrator had been “ appointed an Official of an Insurance Company ”. The petitioners’ attorney filed a written objection to the continuance of the arbitrator by reason of his said appointment. This request was rejected by the Administrator of the American Arbitration Association in a letter dated December 11, 1964. This letter, after reviewing the past history of the proceeding and noting that the arbitrator had previously disclosed that he expected to be “ associated ” with an insurance company at some time in the not too distant future, stated “ The disclosure that the Arbitrator’s expectations, have come to be, without more, is not considered sufficient to render him other than impartial and competent to serve in this instance.”
■Subsequently, the arbitrator held two hearings and on December 15, 1965 made the award which is now sought to be vacated.
It appears that at the time of the arbitration hearings the arbitrator was the president of Knickerbocker Insurance Company which was, by virtue of section 602 of the Insurance Law, a member of the respondent corporation. The petitioners contend that the Knickerbocker Insurance Company had a direct financial interest in the outcome of the arbitration proceeding since, pursuant to subdivision (f) of section 606 and section 607 of the Insurance Law, the MVAIC has the power to levy assessments against its members. The petitioners further contend that the applicable rules of the American Arbitration Associ *549 ation provide in part that no person shall serve as an arbitrator in any arbitration if he has any financial or personal interest in the result of the arbitration unless the parties in writing waive such disqualification.
Initially, the court makes the following observations: First, it is not clear from the papers when the parties became aware that the arbitrator was in fact the president of Knickerbocker Insurance Company. The notification of December 7, 1964 merely stated that he had been appointed an “ Official” of an insurance company. In the letter of December 11,1964 rejecting petitioners’ objection to the continued service of the arbitrator, no reference is made to the fact that the arbitrator was then the president of a member of the respondent corporation. Moreover, in this letter it is stated that the arbitrator had previously disclosed that he expected to be “ associated ” with an insurance company at some time in the not too distant future. This, of course, is incorrect. In the letter of September 28, 1964 it was merely disclosed to the petitioners that the arbitrator expected to be “ retained ” by an insurance company at some time in the not too distant future.
It is provided in CPLR 7511:
“(b) Grounds for vacating.
1 ‘ 1. The award shall be vacated on the application of a party who * * * participated in the arbitration * * * if the court finds that the rights of that party were prejudiced by; * * *
“ (ii) partiality of an arbitrator appointed as a neutral ”.
Absent the consent or waiver of the claimant, the fact that the arbitrator is employed as an attorney of record for an insurance company which is a member of MVAIC clearly is grounds for a vacatur of the arbitration award. (Matter of Merolla [MV AIC], 231 N. Y. S. 2d 760.)
In the instant case, the question is whether the claimants’ waiver or consent was broad enough to preclude them from objecting to the arbitrator after he became president of an insurance company which was a member of the respondent corporation.
The respondent contends that the petitioners waived their right to object to this particular arbitrator when they accepted his appointment with knowledge that he expected to be retained by an insurance company in the not too distant future; that there is no difference between the position of an attorney who is retained as such by an insurance company and an individual who happens to be an attorney who is the president of an insur *550 aneé company; that the president of an insurance company which is a member of the respondent does not have a financial or personal interest in the result of the arbitration and that the refusal of the arbitrator to appoint a substitute arbitrator after objections have been raised is binding upn the parties.
The court is of the opinion that the petitioners did nothing which would preclude them from objecting to proceeding before an arbitrator who was, in fact, the president of a member of the respondent. A waiver is an intentional relinquishment of a known right. Where the true facts are not disclosed at the time of the waiver or changed thereafter, a waiver is ineffective.
In this case, at the time of the waiver it was merely disclosed that the arbitrator was an attorney who appeared for insurance companies in the past and expected to be retained by an insurance company in the future. It was represented that, in addition, he practiced negligence law, both as a defendant’s aud a plaintiff’s attorney and had two causes then pending against the respondent. On the basis of that disclosure and representation, it would appear that the arbitrator was an advocate in the traditional sense who would be presumed to have no interest other than that of an attorney in the outcome of negligence or insurance litigation.
This was not the fact at the time of the arbitration hearings, however. At this time the arbitrator no longer was merely retained by an insurance company but was the president of such a company. Moreover, this company was by law a member of the respondent and affected financially by any.claims paid by the respondent. If, after he became president of this insurance company, the arbitrator was still practicing law, the nature of his practice must necessarily have changed, at least to the extent that he could no longer represent clients in proceedings pending against the respondent.
There is a vast difference between an attorney representing a client as counsel and his acting as president of that client. A corporation acts through its officers and it is clear that a president of a corporation will be affected directly and immediately by any financial loss sustained by that corporation. It also is clear that a president of a corporation has a duty to that corporation to preserve its interests, which duty differs from that of an attorney retained by a. corporation who also and always remains an officer of the court with certain responsibilities and obligations transcending those of his client. It appears that the Administrator of the American Arbitration Association was not fully acquainted with all the facts at the time he rejected the petitioners’ objection to the arbitrator. Even if he were, *551 however, his decision cannot bind the petitioners to accept, over timely objection, an arbitrator who, as a matter of law, must be held to be partial to the respondent. Although an arbitrator is not subject to disqualification for all of the grounds set forth in section 14 of the Judiciary Law (Matter of Milliken Woolens [Weber Knit Sportswear], 11 A D 2d 166, affd. 9 N Y 2d 878), he nevertheless performs quasi-judicial functions and should never place himself where his duties as arbitrator conflict with his own personal interest. The arbitrator in this case should have withdrawn as such as soon as he became president of a member of one of the parties. This case is not one where the arbitrator has engaged in a casual and occasional dealing with one or another of the parties, which is expected in a case where arbitrators are chosen because of familiarity with an industry. (Matter of Milliken Woolens [Weber Knit Sportswear), supra.) Here, the arbitrator could not fulfill his duties to the corporation of which he was president and at the same time accord that complete impartiality and indifference which the petitioners were entitled to expect from a disinterested arbitrator. (Matter of Milliken Woolens [Weber Knit Sportswear), supra.)
Unquestionably, this relationship disqualified the arbitrator from acting in this, case in the absence of a waiver by the petitioners, There was no waiver. The arbitration herein was held over the express written objection of the petitioners and as parties who participated in the arbitration they are entitled to move for the vacation of the award on the ground of the partiality of the arbitrator. (CPLR 7511, subd. [b], par. 1, cl. [ii].)
The motion to vacate the award is granted. The parties are directed to proceed to a new arbitration.