■ ULYSSES A. POURNARAS, Respondent, v IRENE POURNARAS, Appellant. IRENE POURNARAS, Appellant, v ULYSSES A. POURNARAS, Respondent.—Order, Supreme Court, New York County, entered June 5, 1979, which confirmed report of Special Referee and (1) adjudged that plaintiff wife had no interest in defendant's estate within the meaning of section 170-a of the Domestic Relations Law, (2) denied plaintiff's application to modify judgment of divorce to increase alimony payments, (3) ordered an increase in the combined support obligations for three children to $20,000 per year, and (4) disallowed plaintiff's obligation for attorneys' fees, disbursements and costs, unanimously modified, on the law and on the facts, to the extent of declaring that plaintiff has an interest in the defendant's estate within the meaning of section 170-a of the Domestic Relations Law and that the interest applies to an estate valued at $6,000, and otherwise affirmed, without costs. Order, Supreme Court, New York County, entered June 5, 1979, denying plaintiff's motion to strike husband's answer on grounds that it was not served, unanimously affirmed, without costs. In these consolidated matrimonial actions, plaintiff wife (1) sought a modification of the judgment of divorce to increase significantly alimony and child support payments, alleging a material change of circumstances and defendant's increased capacity to pay, and (2) pursuant to section 170-a of the Domestic Relations Law, sought a judgment in an amount equivalent to the value of the

economic and property rights of which she was allegedly deprived by virtue of the judgment of divorce. After an extensive hearing, the Referee to whom the matter was referred concluded that the wife was not entitled to increased alimony payments, that the child support payments should be increased only to an amount consistent with that which had been voluntarily assumed by defendant, and that the wife had waived her rights under section 170-a of the Domestic Relations Law. The report was confirmed at Special Term in the order which is the subject of this appeal. As to the wife's claim for increased alimony payments, the record clearly sustains the Referee's view that there was no change of circumstances established that would justify any modification of the divorce judgment. As to the application for increased child support payments, the critical factual issue litigated was whether the significantly improved standard of living of the husband following his remarriage resulted from his own economic success or derived from his second wife's independent means. The evidence adduced by both parties on this question was unsatisfactory in important aspects. However, we are persuaded that the record adequately supports the Referee's conclusion that the plaintiff did not sustain her burden of proof. Accordingly, the modification of the child support payments only to an amount roughly equivalent to increased payments voluntarily assumed by the husband is sustained. Turning to the action pursuant to section 170-a of the Domestic Relations Law, the following in sequence presents the operative circumstances. In 1965, plaintiff obtained a judgment of separation providing for certain alimony and child support payments. Thereafter, the Legislature enacted section 170 of the Domestic Relations Law effective September 1, 1967, which in pertinent part provided in subdivisions (5) and (6) that an action for divorce may be maintained where the husband and wife have lived apart pursuant to a decree or judgment of separation or separation agreement for a period of two years (now one) after such judgment or agreement. In 1969, the husband commenced an action for divorce pursuant to that section. The wife ultimately withdrew her answer in that action and the parties entered into a stipulation which in substance continued the alimony and child support provisions previously embodied in the judgment of separation. In *Gleason v Gleason* (26 NY2d 28) decided in 1970, the Court of Appeals held that subdivision (5) of section 170 of the Domestic Relations Law was retroactively available to permit a divorce even where the judgment of separation was rendered prior to its enactment and in favor of the spouse opposing the divorce. Following this decision and in reaction to it, the Legislature enacted section 170-a of the Domestic Relations Law in 1975. This section, in substance, authorized a spouse against whom a decree of divorce had been obtained under subdivision (5) or (6) of section 170 of the Domestic Relations Law, where the judgment or agreement of separation was obtained or entered into prior to January 21, 1970, to institute an action seeking recovery of an amount equivalent to the value of any economic and property rights of which the spouse was deprived by virtue of such decree. The value of such rights was to be calculated as though the defendant had died intestate and as if the death of the defendant had immediately antedated the divorce. The Referee held that the plaintiff had waived her rights under section 170-a when she withdrew her answer in the divorce action and entered into a stipulation containing the previously determined alimony and support provision. We disagree. It seems to us wholly untenable to find a waiver of rights under a statute not yet enacted because a spouse did not oppose a divorce action where there was no defense to the action under the controlling statute. (See *Coffman v Coffman,* 60

AD2d 181.) Having found a waiver, the Referee was not required to, and did not, determine explicitly the value of the economic and property rights of which the wife was deprived by the divorce decree. However, there is evidence in the record that provides an adequate basis for us to make that determination, particularly when considered together with the Referee's specific factual determinations. An expert called by the husband valued his estate as of the time of the divorce as approximately $6,000. This opinion seems to us sufficiently reliable for determining the plaintiff's rights under section 170-a of the Domestic Relations Law. It is clearly consistent with the Referee's factual conclusions with regard to the range of litigated issues. Indeed, it is clear that the plaintiff's evidence is significantly more speculative and tenuous with regard to the value of the husband's estate as of the date of the divorce than that found insufficient by the Referee to sustain her burden of proof that the husband's improved standard of living was the result of the increased profitability of his business. Accordingly, we value the husband's estate pursuant to section 170-a at $6,000 and direct a judgment for the wife in accordance with her interest in the estate as so valued. Settle order. Concur—Murphy, P. J., Kupferman, Sandler, Lupiano and Lynch, JJ.