■   IRENE ALEXANDER, Appellant, v SAMUEL ALEXANDER, Respondent.— Order, Supreme Court, Bronx County, entered October 15, 1979, denying plaintiff's motion in an action pursuant to section 170-a of the Domestic Relations Law to strike defendant's answer and for summary judgment, modified, on the law, to grant plaintiff's motion for summary judgment and strike defendant's answer and remand for assessment, and otherwise affirmed, without costs. In an action by plaintiff, defendant's ex-wife, pursuant to section 170-a of the Domestic Relations Law, seeking a determination of the value of economic and property rights which she was deprived of by virtue of a conversion divorce judgment, plaintiff appeals from an order of Special Term denying her motion for summary judgment. Special Term concluded that a stipulation during the divorce proceedings settling the financial aspects of that case presented a factual issue as to whether plaintiff had waived all or some of her rights under section 170-a. We disagree and, accordingly, modify the order below to the extent of striking defendant's answer and entering summary judgment in favor of the plaintiff and remand for an assessment. The undisputed facts establish full compliance with the requirements of section 170-a. Plaintiff obtained a judgment of separation from the defendant on November 22, 1967, based upon the latter's alleged failure to support her. That judgment provided, inter alia, for support payments. In 1978, defendant husband, pursuant to the provisions of subdivision (5) of section 170 of the Domestic Relations Law, sued for what has come to be called a "conversion" judgment of divorce based upon the 11-year-old separation judgment. A judgment of divorce was entered on February 20, 1979. The sole issue presented is whether a stipulation entered into during the divorce proceeding with regard to its financial aspects presents a factual issue as to whether or not plaintiff had waived her rights under section 170-a. The principal issue was squarely addressed by the Second Department in Coffman v Coffman (60 AD2d 181).

In a thoughtful, carefully detailed opinion, that court rejected the claim that a stipulation with regard to support entered into by plaintiff wife in connection with a divorce judgment pursuant to subdivision (5) of section 170 of the Domestic Relations Law constituted an explicit waiver of her rights under section 170-a. This court came to the same conclusion in *Pournaras v Pournaras* (75 AD2d 546). We find no merit in the claim that the instant case is distinguishable from these authorities because the divorce was entered into after the effective date of section 170-a and the stipulation with regard to the financial aspects included a modest raise in the defendant's obligation to make support payments. Section 170-a was not available by its terms as a defense to the plaintiff in the divorce action. Nor is there the slightest support in the record for the conclusion that the increase in support payments embodied in the financial stipulation was in consideration of plaintiff's waiver of rights under section 170-a. If any such bargain had been entered into, it would surely have been incorporated in the stipulation, and there is not a word in this record to suggest that there had been any such understanding. Concur—Sandler, J. P., Sullivan, Silverman and Carro, JJ.