EMILY PEARSON, Respondent, v SAMUEL M. PEARSON, Appellant.

Second Department, June 29, 1981

### APPEARANCES OF COUNSEL

*Raphael Persky* for appellant.

*Monasch Chazen & Stream (Burton I. Monasch, Arnold C. Stream* and *Steven S. Spira* of counsel), for respondent.

### OPINION OF THE COURT

*Per Curiam.*

This appeal concerns section 170-a of the Domestic Relations Law, and, more specifically, the circumstances under which a spouse may be deemed to have "impliedly waived", within the meaning of subdivision d of that section, the economic and property rights of which she was deprived by virtue of a decree of divorce having been obtained against her under the provisions of subdivision (5) of section 170 of the Domestic Relations Law.

The parties here were married in 1936. In May, 1969 the plaintiff wife was granted a judgment of permanent separation, although she had applied for one of only limited duration. Thereafter, by a judgment entered in September, 1976, the defendant husband obtained a so-called "conversion" divorce pursuant to subdivision (5) of section 170 of the Domestic Relations Law, predicated upon the judgment of separation previously granted to his wife.

In the action at bar, pursuant to section 170-a of the Domestic Relations Law,[1] plaintiff seeks to recover the value of the economic and property rights of which she was deprived by the divorce decree. Special Term granted judgment to the plaintiff in an amount equal to the full value of those rights (104 Misc 2d 904). In doing so, the court rejected the defendant's contention that the plaintiff had "impliedly waived" those rights, or that "intervening circumstances" rendered "inequitable" an award in that amount.

The defendant now appeals from the aforesaid judgment. We affirm.

As he did at Special Term, the defendant argues that, within the meaning of subdivision d of section 170-a of the Domestic Relations Law, the plaintiff "impliedly waived"

---

1. That section provides in pertinent part:

"§ 170-a. Special action

"a. A spouse against whom a decree of divorce has been obtained under the provisions of subdivision five or six of section one hundred seventy of this chapter, where the decree, judgment or agreement of separation was obtained or entered into prior to January twenty-first, nineteen hundred seventy, may institute an action in which there shall be recoverable, in addition to any rights under this or any other provisions of law, an amount equivalent to the value of any economic and property rights of which the spouse was deprived by virtue of such decree, except where the grounds for the separation judgment would have excluded recovery of economic and property rights.

"b. In determining the value of the economic and property rights described in subdivision a hereof, the plaintiff's interest shall be calculated as though the defendant died intestate and as if the death of the defendant had immediately antedated the divorce.

"c. If the defendant shall establish that intervening circumstances have rendered an award described in subdivision a hereof inequitable, the court may award to the plaintiff such portion of such economic and property rights as justice may require.

"d. If the defendant shall establish that the plaintiff has expressly or impliedly waived all or some portion of the aforesaid economic or property rights, the court shall deny recovery of all such rights, or deny recovery of the portion of such rights as justice may require."

her right to recover herein. He contends that section 170-a was intended solely to benefit a person who obtained a judgment of separation at a time when she could not have foreseen that a change in the law would permit such a judgment to serve as a predicate for a "no-fault" divorce by her spouse. Defendant maintains that the plaintiff does not fall within that category because she commenced her separation action after the enactment, although before the effective date, of section 170 (subd [5]) of the Domestic Relations Law, which provided for so-called "conversion" divorces. Hence, the defendant reasons, plaintiff was on notice that any separation judgment she obtained might later be relied on by her husband as a predicate for a divorce provided only that the separation decreed was of at least two years' duration. Defendant contends further that, although the plaintiff sought a limited separation of less than two years, she should have known that the trial court was empowered to decree a separation in excess of that period.

██ Although the defendant's argument is not without a certain surface appeal, we are unable to accept it without doing violence to settled principles of statutory construction. The Legislature, of course, is presumed to have contemplated some useful purpose for every portion of a statutory enactment *(Matter of Albano v Kirby*, 36 NY2d 526, 530; *Matter of Smathers*, 309 NY 487, 495; *Matter of Tonis v Board of Regents of Univ. of State of N.Y.*, 295 NY 286, 293). Moreover, all parts of a statute are to be harmonized in meaning and effect so that an interpretation of one does not nullify another *(Matter of Albano v Kirby, supra; Matter of Chase Nat. Bank of City of N.Y. v Guardian Realties*, 283 NY 350, 361; McKinney's Cons Laws of NY, Book 1, Statutes, § 98, pp 220-221).

█ Subdivision a of section 170-a of the Domestic Relations Law creates a right of recovery in favor of persons against whom "conversion" divorces were granted predicated upon a separation decree, judgment or agreement obtained or entered into prior to *January 21, 1970*. The defendant's argument would require that we, in effect, nullify that specific provision through an interpretation of subdivision d of the same statute. He would have us read that subdivision as barring recovery whenever the separation

was obtained after April 27, 1966, the date of approval of section 170 (subd [5]) of the Domestic Relations Law. In the defendant's view, any spouse who obtained such a separation did so with knowledge of the possibility of a "conversion" divorce and therefore "impliedly waived" the economic and property rights lost by virtue of that divorce. Thus, in effect, the defendant would have us read into the statute a cutoff date of April 27, 1966 in place of the January 21, 1970 date expressly provided for in the statute. This we decline to do for, had the Legislature intended any such result, it would have so stated in the statute. Accordingly, we cannot conclude that the plaintiff "impliedly waived" her rights merely because she commenced her separation action after April 27, 1966 (cf. *Alexander v Alexander*, 76 AD2d 821).

In the case at bar, the record clearly indicates that the plaintiff did not waive her rights within the contemplation of the statute. She sought only a limited separation and vigorously resisted the entry of any decree that would provide for a separation of two years or more in duration. Thus, she resolutely attempted to avoid any separation which could have formed a predicate for a "conversion" divorce under prevailing law.[2] As authorized by law, she originally sought a separation for a period of one year, 11 months and 15 days (see Domestic Relations Law, § 200). Thereafter, she moved to amend her pleadings to seek a separation of one year. In the alternative, she sought leave to discontinue the action. Special Term permitted her to amend her prayer for relief, but would not allow her to discontinue the action. Thereafter the court entered a decree of permanent separation. When this court affirmed *(Pearson v Pearson*, 34 AD2d 797), plaintiff unsuccessfully sought leave to appeal to the Court of Appeals (27 NY2d 486). Thus, although plaintiff did initiate a chain of events leading eventually to the loss of her economic and property rights as defendant's wife, her

---

2. When plaintiff commenced her separation action, section 170 (subd [5]) of the Domestic Relations Law, which was to become effective on September 1, 1967, provided that a "conversion" divorce could be had if the spouses lived apart "pursuant to a decree or judgment of separation for a period of two years after the granting of such decree or judgment". The relevant period was later reduced to "one or more years," effective September 1, 1972. (See L 1970, ch 835.)

conduct cannot be said to have amounted to a waiver or intentional relinquishment of those rights (see *Schiff Assoc. v Flack*, 51 NY2d 692, 698).

With respect to the amount of the judgment itself, we agree with the reasoning of Special Term and with its conclusion that the defendant did not establish that "intervening circumstances have rendered an award * * * [pursuant to subdivision a of section 170-a of the Domestic Relations Law] inequitable", within the meaning of subdivision c of that statute. We note, however, that nothing in our decision should be read to prevent the defendant, if he is so advised, from seeking modification of the order made in the divorce action requiring him to pay alimony.

We have examined the defendant's remaining contentions and find them to be without merit.

MOLLEN, P. J., COHALAN, MARGETT and O'CONNOR, JJ., concur.

Judgment of the Supreme Court, Nassau County, entered August 18, 1980, affirmed, with costs.