OPINION OF THE COURT
Eli Wager, J.
In an action on a contract, is a plaintiff who has joined legal and equitable claims entitled to a jury trial of counterclaims seeking recovery of overpayments allegedly made pursuant to the same contract? This is the issue raised on this motion by defendants for an order striking the plaintiff’s jury demand.
In his first two causes of action, plaintiff seeks money damages, in the third he seeks an accounting and in the fourth he seeks reformation. All four causes of action relate to one agreement, a copy of which has not been furnished the court. From a perusal of the pleadings it appears that the agreement was multifaceted, involving a promise by the individual defendant to pay a given sum of money to plaintiff should plaintiff not receive that amount under the will of a named decedent and containing various provisions for payments to plaintiff by either the individual or corporate defendant, including payment of commissions earned from the sale of sugar and sugar products to customers formerly serviced by the plaintiff while he was engaged in the sugar brokerage business. Plaintiff seeks to recover from defen *9 dants the sums the decedent failed to bequeath to him in her will, as well as the other sums and commissions promised. In the cause of action for reformation he asserts that the agreement as written is incorrect in that it provided that all payments to him were to cease “[s]hould any or all of the sugar refiners change their method of distribution, sell directly to the accounts listed on the attached schedule, or eliminate the services of the parties hereto as brokers”. He seeks to delete the words “any or” from the phrase “any or all”, asserting that defendants have advised him that, because one of the sugar refiners has changed its method of distribution, no further payments to him will be made.
Defendants have interposed two counterclaims seeking to recover payments “inadvertently” made to plaintiff, after the change in distribution by the refiner occurred, in reliance on the phrase “any or all”.
Plaintiff does not dispute the defendants’ assertion that he is not entitled to a jury trial of his action-in-chief upon the ground he has joined legal and equitable claims relating to the same transaction (see, e.g., Sepinski v Bergstol, 81 AD2d 860; Gabbay v Rafchik, 60 AD2d 593; Heller v Hacken, 40 AD2d 1012), apparently conceding that the multifaceted agreement constitutes one “transaction”. Conceding in addition that he would not be entitled to a jury trial of an equitable counterclaim (which must pursuant to statutory mandate [CPLR 4101] be tried by the court), plaintiff urges that the instant counterclaim is “legal in nature” and that, contrary to defendants’ assertion, he cannot be deemed to have “waived” a jury trial as to it, citing CPLR 4102 (subd [c]). Thus, two issues are presented: is defendants’ counterclaim legal or equitable and, if legal, has plaintiff waived his rights?
THE COUNTERCLAIM
The obligation to return money received under mistake is one imposed by law (44 NY Jur, Payment, § 96) and generally the form of the action to recover such money is one for money had and received (Ann., 40 ALR2d 997,1000; New York Life Ins. Co. v Guttenplan, 30 NYS2d 430, affd 259 App Div 1004, affd 284 NY 805; Hoyt v Wright, 237 App Div 124; Cukierski v Standard Milling Co., 60 Misc 2d 690; see, also, Roberts v Ely, 113 NY 128; Friar v Vanguard Holding Corp., 78 AD2d 83), at least where the transaction is executed and recovery is sought of money paid under a contract (see Schank v Schuchman, 212 NY 352). An action for money had and received, although governed by equitable principles, is an action at law (Roberts v Ely, supra; *10 Schank v Schuchman, supra; Rothrock Syosset v Kreutzer, 2 AD2d 777; Newman v Guaranty Trust Co., 243 App Div 633; Hoyt v Wright, supra) traditionally triable by a jury (Susquehanna S.S. Co. v Andersen & Co., 239 NY 285; Tishman Realty & Constr. Co. v Schmitt, 69 Misc 2d 584) at least to the extent that an issue of fact exists as to whether a mistake.was made and whether facts exist such as to entitle the payor to recover (see Whiting v City Bank, 77 NY 363; Levy v Terwilliger, 10 Daly 194). Such issues are for the jury where different conclusions may reasonably be drawn from the evidence, but for the court where that is not the case (Whiting v City Bank, supra).
In the instant case, it appears that the only fact question relating to mistake, as put in issue by the complaint, the general denials and counterclaim in the answer and the denials in plaintiff’s reply, is whether the contract expresses the intent of the parties. Determination of that issue will resolve most of the issues in dispute regardless of whether it is determined by the court in the action-in-chief or by a jury on the counterclaim.
Ordinarily, a trial of a legal counterclaim interposed in an equitable action will not be ordered prior to a trial of the action-in-chief where the same issues of fact are involved (Maag v Maag Gear Co., 193 App Div 759). On the contrary, a trial of the equitable action should precede a jury trial of a legal counterclaim, either because disposition of the equitable claim would be dispositive of the counterclaim (see Maccabees v Cohen, 278 App Div 567, modfg 100 NYS2d 994) or because the equitable action was first commenced (see Phoenix Mut. Life Ins. Co. v Conway, 15 AD2d 924, affd 11 NY2d 367). Similarly, it has been held that a trial by the court of an equitable counterclaim which may be dispositive of the entire case should precede a jury trial of a plaintiff’s legal cause of action (Menado Corp. v Indemnity Co., 53 Misc 2d 533). Nevertheless, the sequence in which issues shall be tried is a matter for the trial court’s determination (CPLR 4011; Vinlis Constr. Co. v Roreck, 23 AD2d 895) and not a matter for resolution by Special Term. Thus, the motion to strike the plaintiff’s jury demand will be referred to the trial court — provided it appears that plaintiff has not waived his right to a jury trial, a matter which is appropriate for resolution here.
WAIVER
CPLR 4102 (subd [c]) provides, ¿refer alla, that a party shall not be deemed to have waived the right to trial by jury of the “issues of fact arising upon a counterclaim, cross-claim or third party claim, by asserting it in an action in which there is no *11 right to trial by jury.” The section appears to apply only to the party asserting the claim and indeed has been so construed (Ripple’s of Clearview v Le Havre Assoc., 111 Misc 2d 263, affd on other grounds 85 AD2d 660). However, the Advisory Committee (on the CPLR) in its notes states that CPLR 4102 (subd [c]) “insures the continuation of the former rule that both parties have a right to trial by jury” of a legal counterclaim asserted in an equitable action (see Advisory Committee Notes, NY Cons Laws Serv, Book 41, CPLR 4102, p 86; emphasis supplied; see, also, 4 Weinstein-Korn-Miller, NY Civ Prac, par 4102.20).
The “former rule” alluded to by the cited authorities appears to be the provision in the old Civil Practice Act and Code of Civil Procedure (see Ann., 17 ALR3d 1321, 1335-1336). The former statutes were construed as providing a right to a jury trial of a legal counterclaim interposed in an equitable action to both defendants (e.g., Herb v Metropolitan Hosp. & Dispensary, 80 App Div 145) and to plaintiffs (e.g., Riesenberger v Sullivan, 1 AD2d 1049; Voges Mfg. Co. v New York & Queens Elec. Light & Power Co., 261 App Div 377; Noto v Headley, 28 Misc 2d 294; Gramling v Gramling, 192 Misc 285) including a plaintiff who had no right to a jury trial of his own action because he joined legal and equitable claims (see Di Menna v Cooper & Evans Co., 220 NY 391; Riesenberger v Sullivan, supra).
That this “former rule” continues in favor of plaintiffs as well as defendants despite the enactment of CPLR 4102 (subd [c]) appears to be required because the right has been imbedded in New York’s Constitution. Section 2 of article I of the Constitution provides, inter alla, that “[t]rial by jury in all cases in which it has heretofore been guaranteed by constitutional provision shall remain inviolate forever”. The section guarantees the right to trial by jury of all causes of action to which the right attached when the Constitution of 1894 was adopted (Cowper Co. v Buffalo Hotel Dev. Venture, 99 AD2d 19; Gordon v Continental Cas. Co., 91 AD2d 987) and the 1894 Constitution protected the rights theretofore afforded by the now-repealed statutes (see 7 Carmody-Wait 2d, NY Prac, §§ 49:41, 49:2). The leading case holding that the right to a jury trial of the issues in a counterclaim is not constitutionally protected was decided prior to 1894 (Mackellar v Rogers, 109 NY 468; see 7 Carmody-Wait 2d, NY Prac, § 49:41, n 4).
Although section 2 of article I also provides that the constitutional right to a jury trial may be waived by the parties in all civil cases “in the manner * * * prescribed by law”, research reveals no statute providing that a plaintiff waives a jury trial of *12 a legal counterclaim merely because he is not entitled to a jury trial of his action-in-chief. And, indeed, no such rule appears to have been formulated by the courts (with the exception of the Ripple’s of Clearview case [supra], which was affirmed solely on the ground of contractual written waiver).
The fact that a defendant pleading an equitable counterclaim in a legal action waives his right to a jury trial of the legal action (see Seneca v Novaro, 80 AD2d 909; Compact Electra Corp. v Connell, 46 AD2d 649) does not compel the conclusion that the right is waived when the tables are turned. To establish waiver it is necessary to show that there has been an intentional relinquishment of a known right with both knowledge of its existence and an intention to relinquish it (Airco Alloys Div. v Niagara Mohawk Power Corp., 76 AD2d 68). One cannot waive a right which did not exist at the time of the alleged waiver (Pearson v Pearson, 104 Misc 904, affd 81 AD2d 291) or where the facts are not disclosed at that time or are changed thereafter (Matter of Kessler v Motor Vehicle Acc. Ind. Corp., 49 Misc 2d 547). That a legal counterclaim will be interposed is not known to the plaintiff at the time he commences an action not triable by a jury, and thus it appears that the doctrine of waiver is simply not applicable with respect to his right to a jury trial of the counterclaim. On the other hand, the waiver doctrine is appropriate with respect to a defendant’s election to interpose an equitable counterclaim in a previously commenced legal action.
CONCLUSION
It appears that the instant plaintiff has not waived his right to a jury trial of the defendants’ counterclaims, but whether the opportunity for such a trial eventuates depends upon how the trial court exercises its discretion to direct the order in which the issues shall be tried. In all probability, the nonjury trial of plaintiff’s case will resolve all issues between the parties, rendering moot a subsequent jury trial on the counterclaim.
The motion to strike the plaintiff’s jury demand is, accordingly, referred to the trial court.