Prospect Capital Corp. v Lathen (2021 NY Slip Op 01341)





Prospect Capital Corp. v Lathen


2021 NY Slip Op 01341


Decided on March 04, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: March 04, 2021

Before: Kern, J.P., Oing, Singh, Moulton, JJ. 


Index No. 156375/14 Appeal No. 13255 Case No. 2020-01415 

[*1]Prospect Capital Corporation, Plaintiff-Respondent,
v
Donald Lathen, Jr., et al., Defendants-Appellants.


The Galbraith Law Firm, New York (Kevin D. Galbraith of counsel), for appellants.
Adam M. Burton, New York, for respondent.



Order, Supreme Court, New York County (Nancy M. Bannon, J.), entered January 21, 2020, which granted plaintiff's motion for summary judgment declaring the putative joint tenancies created by defendants to be invalid under New York law, and so declared, unanimously affirmed, with costs.
Plaintiff Prospect Capital Corporation is a publicly traded closed-end investment company. Defendant Donald Lathen, Jr. (Lathen) is the founder and controlling person of defendants Eden Arc Capital Management LLC (EACM) and Eden Arc Capital Partners LP (EACP); defendant David Jungbauer (Jungbauer) is Lathen's stepfather.
Plaintiff alleges in its complaint that Lathan, through EACM and EACP, created the "EndCare Scheme" in March 2009, which profited from the deaths of terminally ill or elderly individuals (participants) by purchasing from plaintiff and others discounted corporate bonds containing survivor's options, and redeeming the bonds upon the death of the individual for the bonds' full principal amount. According to the complaint, in exchange for $10,000 to $15,000 toward funeral and end-of-life expenses, defendants used the dying participants' personal information to open brokerage accounts, which were purportedly joint tenancy accounts with Lathen and Jungbauer.
Plaintiff alleged that defendants required the participants to sign a participant agreement in which they were stripped of all rights, including a prohibition against pledging, borrowing against, or withdrawing funds from the brokerage account without express permission of Lathen, which permission could be withheld, in Lathen's sole discretion. Defendants entered into an Investment Management Agreement ("IMA") to govern the EndCare business, which provided that EACP held the securities in the brokerage accounts as beneficial owner, with Lathen and Jungbauer as nominees with no beneficial interest.
Further, some of the participant agreements provided that even if Lathen were to pre-decease the participant, the assets in the brokerage account would be liquidated; the funds that had been contributed by investors would be returned to them, and the remaining value of the account would be divided 95% to the investors and 5% to the participant. Additionally, the participant's remuneration was limited to 5% of the net profits in the joint account subject to a minimum one-time fee of $10,000, and the participant acknowledged that his or her estate would not receive any share of the profits in the joint account after his or her death.
Plaintiff moved for partial summary judgment declaring that the EndCare brokerage accounts were not valid joint tenancies under New York law. Plaintiff contends that it paid $1,737,000 to defendants in redemption of the survivor's options based on their misrepresentations that the brokerage accounts were valid joint tenancies. Defendants cross-moved for summary judgment arguing, inter alia, that Lathen intended to enter into joint tenancies which provided financial assistance [*2]to the participants and fully complied with the law.
Supreme Court granted plaintiff's motion on its first cause of action, declaring that the joint tenancies created in the EndCare accounts were invalid under New York law and concluding that the participants were not the beneficial owners of the EndCare accounts because the participant agreement took away their right to dispose of those assets. It further held that plaintiff met its burden by clear and convincing evidence and established that the accounts in questions did not create a valid joint tenancy and were mere convenience accounts. Defendants appeal.
There are two key features in every joint tenancy. First, during the life of the tenancy, each tenant is entitled to one-half of the assets, even if only one tenant may have established and contributed to the asset (see Matter of Covert, 97 NY2d 68, 75 [2001]; Fortgang v Katz, 134 AD3d 636 [1st Dept 2015]). Second, upon the death of one of the tenants, the whole fund will vest in the surviving joint tenant (see Klein v Shields, 115 AD2d 19, 21 [1st Dept 1986]).
The motion court correctly concluded that a valid joint tenancy was never created, regardless of defendant Lathen's professed intent, because the Participant Agreement makes it clear that the participants were not entitled to one-half the funds in the EndCare accounts (see Matter of Covert, 97 NY2d at 75). Moreover, at least one version of the Participant Agreement limited the participants' entitlement to only 5%, as opposed to 100%, of the funds in the account in the event he or she outlived Lathen (see Goetz v Slobey, 76 AD3d 954, 956 [2d Dept 2010]).
We have considered defendants' remaining contentions and find them unavailing. THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: March 4, 2021